UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CASIE JO MCGEE and SARAH
ELIZABETH ADKINS; JUSTIN
MURDOCK and WILLIAM GLAVARIS;
and NANCY ELIZABETH MICHAEL and
JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

    Plaintiffs,

v.                                            Civil Action No. 3:13-CV-24068
                                                Honorable Robert Chambers

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

    Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VERA J. MCCORMICK'S MOTION TO EXTEND TIME FRAME TO FILE A RESPONSIVE PLEADING

**COMES NOW**, the Defendant Vera J. McCormick, in her official capacity as Kanawha County Clerk, by counsel, Bailey & Wyant, PLLC, Charles R. Bailey and Michael W. Taylor, pursuant to Rule 6 of *Federal Rules of Civil Procedure*, and hereby submits the following memorandum of law in support of its Motion to Extend Time Frame to File a Responsive Pleading. In support thereof, Defendant McCormick states as follows:

    I.    **BRIEF RELEVANT FACTUAL BACKGROUND**

On October 1, 2013, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief naming, among others, Defendant McCormick as a party to this action. On October 2, 2013, Defendant McCormick was served a copy of a Summons and Complaint for this action. Pursuant to

1

Rule 12(a)(1)(a) of the *Federal Rules of Civil Procedure*, Defendant McCormick has twenty-one days to file a responsive pleading, thereby making her responsive pleading due October 23, 2013. On October 18, 2013, undersigned counsel reached out to Plaintiffs' counsel to request an extension to file a responsive pleading in this matter. However, on October 21, 2013, undersigned counsel was informed by Plaintiffs' counsel that said request was denied, as upon information and belief, the out-of-state counsel whose admission to this Court is pending, would not agree to extend the time frame for the filing of a responsive pleading.[1] As a result, Defendant McCormick respectfully moves this Court to grant her an extension of time to file a responsive pleading in this matter.

## II. STANDARD OF REVIEW

Rule 6(b) of the *Federal Rules of Civil Procedure* provides:

(1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

(2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

## III. ARGUMENT

A. GOOD CAUSE EXISTS TO EXTEND THE TIME FRAME TO FILE A RESPONSIVE PLEADING

There is no doubt good cause exists in this action for this Court to grant Defendant McCormick an extension to prepare and file a responsive pleading in this action. Plaintiffs'

---

[1] Plaintiffs' counsel did extend an alternative proposal to undersigned counsel. However, due to the pressing deadline to

Complaint seeks to invalid certain West Virginia statutes regarding the regulation of marriage in this State on grounds that these statutes violate the United States Constitution. In fact, because of the issues presented, this Court has certified a constitutional question and directed that the Attorney General for this State be served notice of this Complaint. Moreover, the result of this litigation will have far ranging effects on each and every citizen in the State of West Virginia and each and every Clerk for the County Commission of each county in West Virginia. Because of the vast impact of this case, it is important that a responsive pleading in this matter be comprehensive and not waives any and all defenses to this suit. Certainly, twenty-one days is not appropriate time to prepare a responsive pleading on issues that will affect the entire State. Finally, due to the complexity of the issues presented, an extension of time is necessary so that the Complaint may be analyzed and any responsive pleading be drafted in a concise and thorough manner, as opposed to a wide-ranging, less comprehensive responsive pleading. In sum, as the matters involved herein deal with matters of great importance, so much so that non-parties to the action must be given notice of the issues, an extension of time to file a responsive pleading is necessary, so that undersigned counsel may appropriately respond and meet the issues presented.

In addition, as this matter was certified by the Court to contain a constitutional issue for which the attorney general is given notice of a right to intervene, granting this Defendant a sixty day extension is consistent with Rule 5.1 of the *Federal Rules of Civil Procedure*. Specifically, pursuant to Rule 5.1(c) of the *Federal Rules of Civil Procedure*, the Attorney General is granted sixty days to intervene. In fact, this Court may not make any determination regarding the constitutionality of the challenged statutes until the sixty days has passed. Because this Defendant is a County Clerk who has no discretion with respect to the acceptance of marriage application, unless said application

---

file a responsive pleading, undersigned counsel is not in a position to fully consider this alternative at this time.

meets the statutory requirements, to put the onus on her to file a responsive pleading regarding the constitutionality of said challenged statutes without knowledge of the Attorney General's position is fundamentally unfair. As a result, there is no doubt that good cause exists for which this Defendant should be granted an extension to file a responsive pleading until after such time as the Attorney General's Office's time period to intervene has lapsed.

B. PLAINTIFFS WILL NOT BE PREJUDICE BY EXTENDING THE TIME FRAME TO RESPOND

To the extent Plaintiffs may oppose this Motion on the grounds that extending the time frame for Defendant McCormick to file a responsive pleading will prejudice them, this assertion is without merit. First, an extension of time will have no affect on the availability to conduct discovery, as the events that give rise to this Complaint occurred approximately one month ago. This is not a matter wherein the events occurred years ago and witnesses may become unavailable should the Court extend the time for Defendant McCormick to file a responsive pleading. In addition, to the extent Plaintiffs may assert that granting an extension of time to file a responsive pleading will prejudice Plaintiffs by delaying the opportunity for Plaintiffs to be granted relief, this too fails, as the Court has not yet set a Scheduling Order or entered a Time Frame Order. Finally, a failure to provide Defendant McCormick with an extension will no doubt prejudice her in the defense of this matter, as she may potential waive certain defenses and arguments as twenty-one days is not sufficient to address the complex constitutional issues presented herein, specifically in light of the fact that the Attorney General, who is charged with defending the constitutionality of said challenged statutes has sixty days in which to decide to intervene. Requiring the County Clerk and ultimately the citizens of Kanawha County to bear the burden of briefing a responsive pleading without the knowledge of whether the Attorney General will intervene is highly prejudicial, both monetary and from a

litigation standpoint. Therefore, Plaintiffs are simply not prejudiced by an extension of time to file a responsive pleading in this matter on behalf of Defendant McCormick.

## IV. CONCLUSION

There is no doubt, due to the complexity, wide ranging effect and importance of the issues presented in Plaintiffs' Complaint for Declaratory and Injunctive Relief, good cause exists to extend the time frame for which Defendant McCormick must file a responsive pleading in this matter. Specifically, Defendant McCormick prays this Court will allow her until such a time has passed in which the Attorney General's time period to intervene has passed to file said responsive pleading.

**WHEREFORE**, based upon the foregoing, Defendant McCormick prays this Court will enter an Order granting her an extension to file a responsive pleading in this matter, by specifically allowing Defendant McCormick until such a time has passed in which the Attorney General's time period to intervene has passed to file to file a responsive pleading, as well as grant this Defendant all other relief deemed just and proper.

VERA J. MCCORMICK,
By Counsel,

/s/ Charles R. Bailey
Charles R. Bailey (WV Bar #0202)
Michael W. Taylor (WV Bar #11715)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133
cbailey@baileywyant.com
mtaylor@baileywyant.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CASIE JO MCGEE and SARAH
ELIZABETH ADKINS; JUSTIN
MURDOCK and WILLIAM GLAVARIS;
and NANCY ELIZABETH MICHAEL and
JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

        Plaintiffs,

v.                                                    Civil Action No. 3:13-CV-24068
                                                    Honorable Robert Chambers

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

        Defendants.

## CERTIFICATE OF SERVICE

      **I HEREBY CERTIFY** that a true and correct copy of foregoing "MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT VERA J. MCCORMICK'S MOTION TO EXTEND TIME FRAME TO FILE A RESPONSIVE PLEADING" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Monday, October 21, 2013:

Camilla B. Taylor, Esq.
Lambda Legal Defense and Education Fund, Inc.
105 West Adams, 26th Floor
Chicago, IL 60603-6208
Email Address: ctaylor@lambdalegal.org
Attorney For: Plaintiffs

Elizabeth L. Littrell, Esq.
Lambda Legal Defense and Education Fund, Inc.
730 Peachtree Street, N.E.
Suite 1070
Atlanta, GA 30308-1210

Email Address: blittrell@lambdalegal.org
Attorney For: Plaintiffs

Heather D. Foster Kittredge, Esq.
The Tinney Law Firm, PLLC
707 Virginia Street, East, 14th Floor
P.O. Box 3752
Charleston, WV 25337
Email Address: hkitteredge@tinneylawfirm.com
Attorney For: Plaintiffs

John H. Tinney, Jr.
The Tinney Law Firm PLLC
PO Box 3752
Charleston, WV 25337-3752
Email Address: jacktinney@tinneylawfirm.com
Attorney For: Plaintiffs

Karen L. Loewy, Esq.
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005-3904
Email Address: kloewy@lambdalegal.org
Attorney For: Plaintiffs

Lindsay C. Harrison, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lharrison@jenner.com
Attorney For: Plaintiffs

Luke C. Platzer, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lplatzer@jenner.com
Attorney For: Plaintiffs

Paul M. Smith, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: psmith@jenner.com
Attorney For: Plaintiffs

/s/ Charles R. Bailey
**Charles R. Bailey (WV Bar #0202)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
cbailey@baileywyant.com
mtaylor@baileywyant.com