UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

**CASIE JO MCGEE and SARAH**
**ELIZABETH ADKINS; JUSTIN**
**MURDOCK and WILLIAM GLAVARIS;**
**and NANCY ELIZABETH MICHAEL and**
**JANE LOUISE FENTON,**
**individually and as next friends of A.S.M.,**
**minor child,**

    Plaintiffs,

v.                                      Civil Action No. 3:13-CV-24068
                                             Honorable Robert Chambers

**KAREN S. COLE, in her official capacity as**
**CABELL COUNTY CLERK; and VERA J.**
**MCCORMICK, in her official capacity as**
**KANAWHA COUNTY CLERK,**

    Defendants.

**DEFENDANT VERA J. MCCORMICK'S MEMORANDUM IN REPLY TO
OPPOSITION OF PLAINTIFFS TO DEFENDANT VERA J. MCCORMICK'S MOTION
TO EXTEND TIME FRAME TO FILE RESPONSIVE PLEADING**

**COMES NOW**, Defendant Vera J. McCormick, in her official capacity as Kanawha County Clerk, by counsel, Bailey & Wyant, PLLC, Charles R. Bailey and Michael W. Taylor, and hereby files this Memorandum in Reply to "Opposition of Plaintiffs to Defendant Vera J. McCormick's Motion to Extend Time Frame to File Responsive Pleading" ("Response"). In Reply, Defendant McCormick states:

    1.    When Defendant McCormick was denied by Plaintiffs' local counsel a reasonable request for an extension of thirty days to file a responsive pleading, which is normally granted out of a matter of professional courtesy, Defendant McCormick had no other option but to petition this Court for the maximum extent she felt, under the particular circumstances of this case, was allowable

1

by a showing of good cause. As a result, based upon the unique circumstances and novel constitutional challenges presented by Plaintiffs' Complaint for Declaratory and Injunctive Relief, it is the belief of Defendant McCormick, for the reasons stated in her initial petition and further described herein, that good cause exists to allow her an extension of time to file a responsive pleading until after the sixty-day time period for intervention by the Attorney General has lapsed.

2. There appears to be a misunderstanding by Plaintiffs with respect to Defendant McCormick's reliance on Rule 5.1 of the *Federal Rules of Civil Procedure*. Specifically, Plaintiffs' argument is based upon an assertion that Defendant McCormick has argued that Rule 5.1 of the *Federal Rules of Civil Procedure* provides a basis for an extension of time to file a responsive pleading. This is inaccurate. Rule 5.1 of the *Federal Rules of Civil Procedure* stands for the proposition that the Attorney General may intervene when a State statute's constitutionality has been challenged. The sole issue presented before this Court is the constitutionality of the "marriage ban" statutes. Allowing Defendant McCormick time to determine whether the Attorney General wishes to defend the constitutionality of these statutes constitutes good cause to extend the time frame to file a responsive pleading. This is particularly true due to Plaintiffs' demand for attorney's fees from Defendant McCormick should they prevail on this issue. Because intervention by the Attorney General may drastically impact Defendant McCormick's strategy in litigating this matter, granting her an opportunity to determine whether the Attorney General's office will participate in this litigation constitutes good cause.

3. Moreover, Plaintiffs' Complaint for Declaratory and Injunctive Relief stems from one theory, that the same-sex "marriage ban" laws are unconstitutional. No other legal theories are advanced. Plaintiffs further assert in their Response that they "experience[] daily both the tangible and intangible ramifications of Defendants' denials of marriage licenses." Because Rule 5.1 of the

*Federal Rules of Civil Procedure* will not allow this Court to grant a final order to "remedy" this asserted harm until such time as the sixty-day time period for intervention, allowing Defendant McCormick to file a responsive pleading after this sixty-day time period will not further prejudice or otherwise harm Plaintiffs.  The Court simply cannot grant a final order for the relief requested by Plaintiffs until after this sixty-day time period and therefore the Plaintiffs cannot be prejudiced by an extension to file a responsive pleading to Defendant McCormick.  Because of such, granting Defendant McCormick time to analyze the State's position and potential join in the State's position, should they intervene, certainly constitutes good cause to allow Defendant McCormick additional time to file a responsive pleading.

4. Finally, from a practical standpoint related to the Court's management of its docket, Plaintiffs' position essentially advocates for piecemeal litigation.  This piecemeal approach, however, strikes directly against Plaintiffs' position to move this matter along "expeditiously."  In an effort to expeditiously move this matter along, knowing the nature and extent of the role of the Attorney General's Office, if any, prior to filing a responsive pleading will only help move this matter along, so the parties can combine positions and arguments that will allow Plaintiffs to file a combine response, as opposed to separate responses to the separate filings, requiring the Court to consider the same issues at different times.  Clearly, it is in all the parties' interests to understand the role of all entities/persons involved in the litigation instead of each party filing separate extensive responsive pleadings on similar issues at different points throughout the next sixty-days.

5. In sum, Defendant McCormick has more than adequately established good cause for the requested extension to file a responsive pleading in this matter.  In fact, it is evident that Plaintiffs believe good cause exists to some degree, as they do not oppose a "reasonable extension." *See* Response at pg. 2.  There is no doubt, however, due to the nature of the issues presented and the

3

right of intervention held by the Attorney General, it is more than reasonable to allow Defendant McCormick an opportunity to determine the position of the Attorney General's Office prior to filing a responsive pleading, considering Defendant McCormick had no discretion but to follow the laws regarding the same-sex "marriage ban" or otherwise face criminal prosecution. *See West Virginia Code* § 48-2-502.[1]

**WHEREFORE**, based upon the foregoing and the reasoning previously set forth in Defendant McCormick's Motion to Extend Time Frame to File a Responsive Pleading, Defendant McCormick prays this Court will enter an Order granting her an extension to file a responsive pleading in this matter, by specifically allowing Defendant McCormick until such a time has passed in which the Attorney General's time period to intervene has passed to file to file a responsive pleading, as well as grant this Defendant all other relief deemed just and proper.

                                                  **VERA J. MCCORMICK,**
                                                  **By Counsel,**

 **/s/ Charles R. Bailey**
 **Charles R. Bailey (WV Bar #0202)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
cbailey@baileywyant.com
mtaylor@baileywyant.com

---

1 Defendant McCormick proposes, in the alternative, that the Court could also Order Defendant McCormick's responsive pleading be due on the deadline for the Attorney General's intervention, which Plaintiffs calculate as December 3, 2013, as Defendant McCormick would likely know the Attorney General's position by this date. Additionally, Defendant McCormick proposes that the Court could require Defendant McCormick to file a responsive pleading within five days of the Attorney General's intervention, should the Attorney General intervene and that intervention is prior to December 3, 2013.

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

**CASIE JO MCGEE and SARAH
ELIZABETH ADKINS; JUSTIN
MURDOCK and WILLIAM GLAVARIS;
and NANCY ELIZABETH MICHAEL and
JANE LOUISE FENTON,**
individually and as next friends of A.S.M.,
minor child,

  Plaintiffs,

v.                Civil Action No. 3:13-CV-24068
                    Honorable Robert Chambers

**KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,**

  Defendants.

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that a true and correct copy of foregoing "DEFENDANT VERA J. MCCORMICK'S MEMORANDUM IN REPLY TO OPPOSITION OF PLAINTIFFS TO DEFENDANT VERA J. MCCORMICK'S MOTION TO EXTEND TIME FRAME TO FILE RESPONSIVE PLEADING" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Wednesday, October 23, 2013:

Camilla B. Taylor, Esq.
Lambda Legal Defense and Education Fund, Inc.
105 West Adams, 26th Floor
Chicago, IL  60603-6208
Email Address: ctaylor@lambdalegal.org
Attorney For: Plaintiffs

Elizabeth L. Littrell, Esq.
Lambda Legal Defense and Education Fund, Inc.
730 Peachtree Street, N.E.
Suite 1070
Atlanta, GA  30308-1210
Email Address: blittrell@lambdalegal.org

Attorney For: Plaintiffs

Heather D. Foster Kittredge, Esq.
The Tinney Law Firm, PLLC
707 Virginia Street, East, 14th Floor
P.O. Box 3752
Charleston, WV 25337
Email Address: hkitteredge@tinneylawfirm.com
Attorney For: Plaintiffs

John H. Tinney, Jr.
The Tinney Law Firm PLLC
PO Box 3752
Charleston, WV 25337-3752
Email Address: jacktinney@tinneylawfirm.com
Attorney For: Plaintiffs

Karen L. Loewy, Esq.
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005-3904
Email Address: kloewy@lambdalegal.org
Attorney For: Plaintiffs

Lindsay C. Harrison, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lharrison@jenner.com
Attorney For: Plaintiffs

Luke C. Platzer, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lplatzer@jenner.com
Attorney For: Plaintiffs

Paul M. Smith, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: psmith@jenner.com
Attorney For: Plaintiffs

I hereby certify that I have e-mailed the document to the following non-CM/ECF participant:

Lee Murray Hall, Esquire<br>
Jenkins Fenstermaker, PLLC<br>
325 Eight Street<br>
Huntington, WV 25701-2225<br>
Attorney For: Karen S. Cole

  **/s/ Charles R. Bailey**
**Charles R. Bailey (WV Bar #0202)**
**Michael W. Taylor (WV Bar #11715)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia  25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
cbailey@baileywyant.com
mtaylor@baileywyant.com