IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CASIE JO MCGEE and SARAH ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

           Plaintiffs,

v.                                      CIVIL ACTION NO.  3:13-24068

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Vera J. McCormick's motion to extend time to file a responsive pleading (ECF No. 17) and her motion for expedited ruling (ECF No. 19). For the reasons explained below, both motions are **GRANTED**.

**I.  Statement of Facts**

Defendant Vera J. McCormick has requested an extension of time in which to file a responsive pleading. The existing deadline is October 23, 2013, and Defendant requests that she not be required to file a responsive pleading until the time period for the Attorney General to intervene in this case expires. The Attorney General's right to intervene is discussed in Federal Rule of Civil Procedure 5.1(c):

> Unless the court sets a later time, the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

Fed. R. Civ. P. 5.1(c). Defendant also filed a motion for expedited ruling on that motion.

This Court filed an Order on October 22, 2013, directing Plaintiffs to file a response by October 24, 2013, and suspending Defendant's responsive pleading deadline until further order of this Court. Plaintiffs timely filed a response, and Defendant filed a reply. The motion to extend time is now ripe for resolution.

## II. Discussion

Defendant argues that there is good cause for granting an extension pursuant to Federal Rule of Civil Procedure 6, which states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(a).

The Court finds that there is good cause for granting Defendant the full extension of time sought. As Defendant points out, the sole legal issue in this case is the constitutionality of certain West Virginia statutes. Therefore, by the terms of Rule 5.1(c), this Court would be prevented from giving Plaintiffs the relief sought in their Complaint until after the time for the Attorney General's intervention expired or after the Attorney General chose to intervene, regardless of how soon Defendant filed a responsive pleading. Rather than requiring Defendant to file a responsive pleading within the existing deadline—or even granting the ten-day extension to which Plaintiffs are amenable—the more practical approach would be to allow Defendant to file her responsive pleading shortly after the Attorney General's actual intervention or after the time

for intervention has passed. This will allow the parties and the Court to have all expected parties subject to a common briefing schedule, which will facilitate efficient resolution of the case.

Plaintiffs argue that Rule 5.1 does not require that other matters in the case be halted while the Attorney General decides whether to intervene. In support, Plaintiffs point out that during the timeframe for intervention, the only limit imposed is that "[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c). Plaintiffs also point to the Advisory Committee Notes for Rule 5.1, accompanying the Rule's adoption in 2006, which state that:

> Pretrial activities may continue without interruption during the intervention period, and the court retains authority to grant interlocutory relief. The court may reject a constitutional challenge to a statute at any time. But the court may not enter a final judgment holding a statute unconstitutional before the attorney general has responded or the intervention period has expired without response. This rule does not displace any of the statutory or rule procedures that permit dismissal of all or part of an action -- including a constitutional challenge -- at any time, even before service of process.

The fact that other pretrial matters are not delayed as of right during the time period for intervention, however, does not preclude a finding that good cause exists to extend pretrial deadlines in some situations. Here, granting the extension will not create prejudice for Plaintiffs, and could prevent prejudice to Defendant. Overall, the Court finds that good cause exists to extend the deadline in this situation.

### III. Conclusion

For the reasons explained above, the Court **GRANTS** Defendant's motion for extension of time (ECF No. 17). Accordingly, the Court **DEMANDS** that Defendant McCormick file any responsive pleading within five days of the Attorney General's intervention or within five days of when the period for intervention expires, whichever comes earlier. Furthermore, this Order

**APPLIES** to Defendant Karen S. Cole as well. The Court advises the parties that it expects to convene a scheduling conference to discuss a common briefing schedule once it has been determined whether the Attorney General will be intervening in this case.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: October 23, 2013

ROBERT C. CHAMBERS, CHIEF JUDGE