# IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

CASIE JO MCGEE and SARA ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
Individually and as next friends of A.S.M.,
minor child,

                 **Plaintiffs,**

v.                                          **Civil Action No. 3:13-24068**

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

                 **Defendants.**

### STATE OF WEST VIRGINIA'S MOTION TO INTERVENE
### AND INTEGRATED MEMORANDUM OF LAW IN SUPPORT

Pursuant to 28 U.S.C. § 2403(b), Fed. R. Civ. P. 5.1(c), and Fed R. Civ. P. 24(a), the

Attorney General of West Virginia, on behalf of the State of West Virginia ("the State"), submits

this timely motion to intervene in this matter as of right to defend the constitutionality of several

challenged state statutes.  The State seeks to intervene for that sole and limited purpose and does

not waive its right to sovereign immunity.

The State presents the following argument in support of this motion to intervene:

### ARGUMENT

On October 1, 2013, Cassie J. McGee, Sarah E. Adkins, Justin Murdock, William

Glavaris, Nancy E. Michael, Jane L. Fenton, and a minor A.S.M. ("Plaintiffs"), filed a Complaint

for Declaratory and Injunctive Relief, challenging the constitutionality of several West Virginia

statutes and naming two county officials as Defendants.  (Doc. 8.)  Specifically, Plaintiffs contest

the constitutionality of West Virginia Code §§ 48-2-104, 48-2-401, and 48-2-603.   The Complaint does not name the State of West Virginia or any state agency, officer, or employee as a party.

The State of West Virginia, through its Attorney General, has a specific statutory right to intervene in this matter.   Fed. R. Civ. P. Rule 24(a) grants intervention as of right when the intervener "is given an unconditional right to intervene by a federal statute."   Here, 28 U.S.C. § 2403(b) confers the State that unconditional right because the suit involves the constitutionality of a state statute and Plaintiffs have named no state defendants.   In pertinent part, the statute provides:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality.

28 U.S.C. § 2403(b); *see Mobile Oil Corp. v. Att'y Gen. of VA*, 940 F.2d 73, 76-77 (4th Cir. 1991) (noting that 28 U.S.C. § 2403(b) permits "the Attorney General, on behalf of the state," to "intervene as of right" in a private suit "to defend the constitutionality of the statute").

For purposes of this case, the State intervenes pursuant to the statute's express terms for the sole and limited purpose of defending the constitutionality of the statutes in question.   As the statute explicitly provides, and the Supreme Court has recognized, the State's intervention does not waive its sovereign immunity or subject to it liability for damages as a party defendant.   *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 70 n.25 (1997) ("Section 2403(b) by its terms subjects an intervener 'to all liabilities of a party as to *court costs*' required 'for a proper presentation of the facts and law relating to the question of constitutionality.' 28 U.S.C. § 2403(b) (emphasis added).   It does not subject an intervener to liability for damages available

2

against a party defendant.").   Moreover, as there are specific state entities that enforce or otherwise execute the statutes in question, the State does not represent or concede that its presence alone is sufficient to accord Plaintiffs the relief requested should they prevail.

Finally, this motion is timely because it is being filed within the 60-day window set forth in Fed. R. Civ. P. 5.1(c).  That rule gives practical effect to 28 U.S.C. § 2403(b) by requiring, in certain circumstances, that a party give formal notice of a constitutional challenge to a statute and the court certify to the appropriate attorney general that a statute has been questioned.  Under the rule, "the attorney general may intervene within 60 days after the notice is filed or after the court certifies the challenge, whichever is earlier." Fed. R. Civ. P. 5.1(c).  In this case, Plaintiffs filed a Notice of Constitutional Question on October 4 (Doc. 14), and this Court filed a Certification of Constitutional Question on October 9 (Doc. 16).  The time for intervention therefore does not expire until December 3, 2013.

## CONCLUSION

For the reasons set forth above, the State of West Virginia, through its Attorney General, should be permitted to intervene to defend the constitutionality of the challenged West Virginia statutes.

Respectfully submitted,
PATRICK MORRISEY
ATTORNEY GENERAL

s/ Elbert Lin
Elbert Lin (WV Bar Number: 12171)
Solicitor General
Julie Ann Warren (WV Bar Number: 9789)
Assistant Attorney General
Office of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305
Telephone: (304) 558-2021
Fax: (304) 558-0140
E-mail: elbert.lin@wvago.gov
Counsel for the State of West Virginia

3

**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CASIE JO MCGEE and SARA ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
Individually and as next friends of A.S.M.,
minor child,**

    **Plaintiffs,**

**v.**                **Civil Action No. 3:13-24068**

**KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,**

    **Defendants.**

## CERTIFICATE OF SERVICE

  I, Elbert Lin, counsel for the Movant, hereby certify that on November 22nd, 2013, I electronically filed the foregoing *Motion to Intervene and Integrated Memorandum of Law in Support* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

<table>
<tr>
<td>

Camilla B. Taylor
LAMBDA LEGAL DEFENSE &
EDUCATION FUND, INC.
Suite 2600
105 West Adams
Chicago, IL 60603
Email: ctaylor@lambdalegal.org

</td>
<td>

Elizabeth L. Littrell
LAMBA LEGAL DEFENSE &
EDUCATION FUND, INC.
Suite 1070
730 Peachtree Street, NE
Atlanta, GA 30308-1210
Email: blittrell@lambdalegal.org

</td>
</tr>
</table>

Heather Foster Kittredge
THE TINNEY LAW FIRM
P. O. Box 3752
Charleston, WV 25337-3752
Email: heather@tinneylawfirm.com

Karen L. Loewy
LAMBDA LEGAL DEFENSE &
EDUCATION FUND, INC.
19th Floor
120 Wall Street
New York, NY 10005-3904
Email: kloewy@lambdalegal.org

Lindsay C. Harrison
JENNER & BLOCK
Suite 900
1099 New York Avenue, NW
Washington, DC 20001-4412

Luke C. Platzer
JENNER & BLOCK
Suite 900
1099 New York Avenue, NW
Washington, DC 20001-4412
Email: lplatzer@jenner.com

Paul M. Smith
JENNER & BLOCK
Suite 900
1099 New York Avenue, NW
Washington, DC 20001-4412
Email: psmith@jenner.com

R. Trent McCotter
JENNER & BLOCK
Suite 900
1099 New York Avenue, NW
Washington, DC 20001-4412
Email: rmccotter@jenner.com

John H. Tinney , Jr.
THE TINNEY LAW FIRM
P. O. Box 3752
Charleston, WV 25337-3752
Email: jacktinney@tinneylawfirm.com

Lee Murray Hall
JENKINS FENSTERMAKER
P. O. BOX 2688
Huntington, WV 25726-2688
Email: lmh@jenkinsfenstermaker.com

Sarah A. Walling
JENKINS FENSTERMAKER
P. O. Box 2688
Huntington, WV 25726-2688
Email: saw@jenkinsfenstermaker.com

Charles R. Bailey
BAILEY & WYANT
P. O. Box 3710
Charleston, WV 25337-3710
Email: cbailey@baileywyant.com

Michael W. Taylor
BAILEY & WYANT
P. O. Box 3710
Charleston, WV 25337-3710
Email: mtaylor@baileywyant.com

s/ Elbert Lin
Elbert Lin