UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CASIE JO MCGEE and SARAH
ELIZABETH ADKINS, *et al.*,

    *Plaintiffs*,

v.

KAREN S. COLE, *et al.*,

    *Defendants*,

And

STATE OF WEST VIRGINIA,

    *Defendant-Intervenor.*

Civil Action No. 3:13-cv-24068
The Hon. Robert C. Chambers

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT COLE'S MOTION TO DISMISS

**COMES NOW**, the Plaintiffs, Casie Jo McGee and Sarah Elizabeth Adkins, Justin Murdock and William Glavaris, and Nancy Elizabeth Michael and Jane Louise Fenton (individually and as next friends of A.S.M.) (collectively, "Plaintiffs"), by counsel, and hereby submits the following memorandum of law in opposition to Defendant Karen S. Cole's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Motion," Dkt. 31) and her Memorandum of Law in support thereof ("Memo," Dkt. 32).

### ARGUMENT

**A.    The Complaint Should Not Be Dismissed Based On *Burford* Abstention.**

Defendant Cole's Motion and Memorandum restate the same unpersuasive argument asserted by Defendant McCormick: that this Court should abstain from hearing this case on the basis of the *Burford* abstention doctrine. As set forth in Plaintiffs' Memorandum of Law in

Opposition to Defendant McCormick's Motion to Dismiss (Dkt. 30), which Plaintiffs incorporate herein by reference, this case does not meet either of the two criteria for the application of *Burford* abstention under binding Fourth Circuit precedent, *i.e.*, that "(1) 'there are difficult questions of state law . . . whose importance transcends the result in the case then at bar'; or (2) federal review would disrupt 'state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *See Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361–63 (1989)).

This case does not meet the first criterion for applying *Burford* abstention because Plaintiffs' constitutional challenge presents no questions of state law—much less difficult ones. Defendant Cole herself admits that the meaning of the relevant state law is settled, and "required" that "employees of Ms. Cole decline[] to issue marriage licenses" to Plaintiffs. (Memo at 3) Similarly, there is no question that Defendants would be barred from registering or respecting any marriage celebrated by Plaintiffs in another state. No question of state law is created merely because this Court must evaluate the constitutionality of a state law; such constitutional questions are squarely "a matter of federal law." *Martin*, 499 F.3d at 366; *see also Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 815 (1976) (*Burford* abstention not called for when "the state law to be applied appears to be settled").

This case also does not meet the second criterion for *Burford* abstention—that this Court's review would disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Martin*, 499 F.3d at 364. This vein of *Burford* abstention exists for cases in which piecemeal federal adjudication of a question could throw off intricate regulatory schemes (such as those governing railroads) and might, for, example, upset the balance of competition or the burden of the regulatory system on a particular actor. *See, e.g.*,

*Ala. Pub. Serv. Comm'n v. Southern Ry. Co.*, 341 U.S. 341, 346–48 (1951). In identifying when *Burford* abstention applies, the Supreme Court specifically excepted—*i.e.*, "put to one side"—those cases in which "the constitutionality of a state statute itself is drawn into question." *Id.* at 344. As the Fourth Circuit has recognized, a facial constitutional challenge to a state statute, such as the one Plaintiffs assert, does not threaten the coherence of state policy. *See Martin*, 499 F.3d at 367 (rejecting *Burford* abstention because "a *facial* attack on the state statutes *as a whole*—precisely the sort of case federal courts often and expertly entertain" does not "threaten a state interest in uniform regulation").[1] The fact that Plaintiffs' lawsuit may result in the overturning of a state law is not itself a basis for applying *Burford* abstention, as "there is, of course, no doctrine requiring abstention merely because resolution of a federal question may result in the overturning of a state policy." *Zablocki v. Redhail*, 434 U.S. 374, 379 n.5 (1978).

Defendant Cole suggests that the Court should abstain to give the state legislature time to amend the law, but the possibility that the legislature may act does not alter the Court's "'strict duty to exercise the jurisdiction that is conferred on [it] by Congress.'" *Martin*, 499 F.3d at 363 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)); *see also Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) ("[T]he federal courts have a virtually unflagging obligation to exercise their jurisdiction" (internal quotation marks omitted)). Indeed, the Supreme Court has rejected abstention based on a "bare, though unlikely, possibility that state [action] might render adjudication of the federal question unnecessary." *Hawaii Hous. Auth. v.*

---

[1] Further, Plaintiffs' claims would not threaten an interest in "uniform" adjudication because, as Defendant Cole acknowledges, a decision by this Court "has the potential to affect the duties of the Clerk of every county commission throughout West Virginia as well as every same-sex couple seeking to marry in West Virginia." (Memo at 7) And even if this Court's decision would affect only the counties whose clerks are named Defendants in this litigation (which it would not), Defendant Cole cannot explain why a state forum would be preferable, as any state forum would be as limited (if not more so) in its ability to create a "uniform" state policy.

3

*Midkiff*, 467 U.S. 229, 237 (1984); *see also Bath Mem. Hosp. v. Me. Health Care Fin. Comm'n*, 853 F.2d 1007, 1015 (1st Cir. 1988) ("[A]s far as we are aware, no court has held that the possibility of future legislative action is a ground for abstention."). Presently-enacted laws preclude same-sex couples in West Virginia from marrying in violation of the federal Constitution. The potential for additional legislative action on this issue "does not relieve this Court of its responsibility to decide constitutional questions" *In re Marriage Cases*, 183 P.3d 384, 448 (Cal. 2008); *see also Goodridge v. Dep't of Pub. Health*, 798 N.E.2d 941, 966 (Mass. 2003) ("We owe great deference to the Legislature to decide social and policy issues, but it is the traditional and settled role of courts to decide constitutional issues."). Finally, *Burford* abstention does not permit a court to abstain for possible legislative action, but rather is appropriate only "where timely and adequate state-court review is available." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989). In other words, abstention by this Court would mean only that a state court would be resolving the same federal constitutional questions—*not* that the case would be indefinitely stayed for purposes of legislative debate. The possibility of state legislative action is therefore irrelevant and is not a permissible basis for *Burford* abstention.

Defendant Cole selectively quotes from the Supreme Court's decision in *Ankenbrandt v. Richards*, as well as Justice Blackmun's concurrence, in an apparent attempt to suggest that all cases relating to domestic relations should be subject to *Burford* abstention. (Memo at 6) But the Court in *Ankenbrandt* actually *declined* to abstain under *Burford*, notwithstanding the fact that the case involved a domestic dispute. 504 U.S. 689, 706 (1992). Moreover, Defendant Cole omits from her selective quotation the Court's articulation of the narrow set of circumstances where *Burford* abstention might apply: "if a federal suit were filed prior to effectuation of a

4

divorce, alimony, or child custody decree, and the suit depended on a determination of the status of the parties." *Id.* Even in those cases, abstention is not a certainly, but merely "is not inconceivable." *Id.* And in *Ankenbrandt* itself, the Court "ha[d] no difficulty concluding that *Burford* abstention [wa]s inappropriate" because "the status of the domestic relationship has been determined as a matter of state law." *Id.* So too here: all of the parties agree that Plaintiffs are not and may not be married due to West Virginia's unambiguous marriage ban. Thus, *Burford* abstention is inappropriate.

Defendant Cole's position finds no more support in Justice Blackmun's concurrence in the judgment in *Ankenbrandt*—an opinion that was not necessary to form a majority, and thus does not guide interpretation of the Court's holding. *See Marks v. United States*, 430 U.S. 188, 193 (1977) (concurring opinions control only when "no single rationale explaining the result enjoys the assent of five Justices"). Justice Blackmun's concurrence only approves of applying *Burford* abstention in "*certain* domestic relations cases," and identifies as examples cases where a court must determine whether or not parties are married and whether their marital status entitles them to rights such as alimony or child support. *Ankenbrandt*, 504 U.S. at 714, 716 (Blackmun, J., concurring) (emphasis added). He certainly does not identify federal constitutional questions as appropriate for abstention. Indeed, Justice Blackmun concedes that the existence of "a federal question . . . would strongly counsel against abstention." *Id.* at 717 (citing *Colo. River*, 424 U.S. at 815 n.21).

Ultimately, Defendant Cole's assertion that *Burford* abstention should apply to this case is contradicted by numerous cases in which the Supreme Court has directly addressed facial constitutional challenges to state domestic relations statutes. *See Zablocki*, 434 U.S. at 379 n.5 (squarely rejecting the application of *Burford* abstention in case involving state restrictions on

5

right to marry); *see also, e.g., Turner v. Safley*, 482 U.S. 78 (1987) (addressing constitutionality of state regulations denying prisoners access to marriage); *Sosna v. Iowa*, 419 U.S. 393 (1975) (addressing constitutionality of state residency requirement for divorce). Defendant Cole attempts to distinguish the current case from *Zablocki* by contending that the present challenge is "more complex" because "Plaintiffs seek to change the very definition of marriage." (Memo at 8). That is wrong in two respects. First, the State law in this case is significantly *less* complex than *Zablocki*, because the plaintiffs in *Zablocki* could theoretically get married if they followed certain state procedures; here, West Virginia law categorically excludes the Plaintiff couples from marrying, and the only question is whether that law survives constitutional scrutiny. Second, Plaintiffs do *not* seek to change the definition of marriage. To the contrary, as Plaintiffs have pled in their Complaint (Dkt. 1, ¶ 53), Plaintiffs challenge their exclusion from the same right to marry enjoyed by other West Virginians (in addition to same-sex couples in 17 other states and the District of Columbia)—namely, the fundamental right to marry the person of one's choice, which was the same right at issue in *Zablocki*. In other words, if Plaintiffs prevail in this litigation, the definition of marriage will remain the same; same-sex couples will simply be able to exercise the same right to marry as different-sex couples. Defendant Cole's attempt to re-frame Plaintiff's claims is both improper on a 12(b) motion[2] and illogical. *See Goodridge*, 798 N.E.2d at 972–73 (Greaney, J., concurring) ("To define the institution of marriage by the characteristics of those to whom it always has been accessible, in order to justify the exclusion of those to whom it never has been accessible, is conclusory and bypasses the core question we are asked to decide.").

---

[2] *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982) (in deciding a facial 12(b)(1) motion, districtcourt must accept as true all well-pled factual allegations in the complaint, just as it would when evaluating a 12(b)(6) motion)..

6

### B. Defendant Cole Has Not Raised A Rule 12(b)(6) Defense.

Defendant Cole "reserves her right to file" a subsequent dismissal motion asserting the defense that West Virginia's marriage ban is not unconstitutional, but her motion specifically asserts only Rule 12(b)(1)—"lack of subject-matter jurisdiction"—as a basis for dismissal. (Memo at 9) Defendant Cole does not present any 12(b)(6) argument on the merits, and states that she "anticipates that the constitutionality of the statutes at issue will be the subject of [a future] briefing schedule." (*Id.*) Plaintiffs therefore reserve their rights to oppose any future 12(b)(6) arguments and to assert that West Virginia's marriage ban is unconstitutional as a matter of law.

### CONCLUSION

For the foregoing reasons, Plaintiffs request the Court deny Defendant Cole's motion to dismiss.

Dated: December 23, 2013

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFFS**

/s/ John H. Tinney, Jr.
TINNEY LAW FIRM, PLLC
John H. Tinney, Jr. (WVSB #6970)
Heather Foster Kittredge (WVSB #8543)
222 Capitol Street, Suite 500
Charleston, West Virginia 25301
Phone: (304) 720-3310
Fax: (304) 720-3315
JackTinney@tinneylawfirm.com
HKittredge@tinneylawfirm.com

LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
Elizabeth L. Littrell (*pro hac vice*)
730 Peachtree Street, N.E.
Suite 1070
Atlanta, Georgia 30308-1210
blittrell@lambdalegal.org
Phone: (404) 897-1880
Fax: (404) 897-1884

Karen L. Loewy (*pro hac vice*)
120 Wall Street, 19th Floor
New York, New York 10005-3904*
Phone: (212) 809-8585
Fax: (212) 809-0055
kloewy@lambdalegal.org
*Admitted only in Massachusetts

Camilla B. Taylor (*pro hac vice*)
105 West Adams, 26th Floor
Chicago, Illinois 60603-6208
Phone: (312) 663-4413
Fax: (312) 663-4307
ctaylor@lambdalegal.org

JENNER & BLOCK LLP
Paul M. Smith (*pro hac vice*)
Luke C. Platzer (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
R. Trent McCotter (*pro hac vice*)
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6006
psmith@jenner.com
lplatzer@jenner.com
lharrison@jenner.com
tmccotter@jenner.com

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF WEST VIRGINIA
### Huntington Division

**CASIE JO MCGEE and SARAH**
**ELIZABETH ADKINS,** *et al.*,

  *Plaintiffs*,

v.               Civil Action No. 3:13-cv-24068
                  The Hon. Robert C. Chambers

**KAREN S. COLE,** *et al.*,

  *Defendants*,

  **And**

**STATE OF WEST VIRGINIA,**

  *Defendant-Intervenor.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of December, 2013, I electronically filed the foregoing *"Memorandum of Law in Opposition to Defendant Cole's Motion to Dismiss"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Elbert Lin, Esquire
Julie Ann Warren, Esquire
Office of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305
*Counsel for the State of West Virginia*

Charles R. Bailey, Esquire
Michael W. Taylor, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV 25337-3710
*Counsel for Defendant Vera J. McCormick*

Lee Murray Hall, Esquire
Sarah A. Walling, Esquire
Jenkins Fenstermaker, PLLC
325 Eight Street
Huntington, WV 25701-2225
*Counsel for Defendant Karen S. Cole*

/s/ John H. Tinney, Jr.
John H. Tinney, Jr.