UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CASIE JO MCGEE and SARAH
ELIZABETH ADKINS; JUSTIN
MURDOCK and WILLIAM GLAVARIS;
and NANCY ELIZABETH MICHAEL and
JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

      Plaintiffs,

v.                                                                       Civil Action No. 3:13-CV-24068
                                                                    Honorable Robert Chambers

KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

      Defendants.

## JOINT RESPONSE OF DEFENDANTS KAREN S. COLE AND VERA J. MCCORMICK TO PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO COURT'S ORDER OF JANUARY 29, 2014

        **COME NOW,** Defendants Karen S. Cole, by counsel, Jenkins Fenstermaker, PLLC, Lee Murray Hall and Sarah A. Walling, and Defendant Vera J. McCormick, by counsel, Bailey & Wyant, PLLC, Charles R. Bailey and Michael W. Taylor, and hereby jointly respond to Plaintiffs' "Memorandum of Law in Response to Court's Order of January 29, 2014." In Response, Defendant Cole and Defendant McCormick (hereinafter "Clerk Defendants") state as follows:

## I. BRIEF FACTUAL AND PROCEDURAL BACKGROUND

On October 1, 2013, Plaintiffs filed a Complaint for Declaratory and Injunctive Relief, challenging the constitutionality of West Virginia Code §§ 48-2-104, 48-2-401, and 48-2-603 and "any other sources of West Virginia law that exclude same-sex couples from marriage or from recognition of marriages entered into in another jurisdiction." Compl. at 28. Plaintiffs sought a declaration that the laws violate the Due Process and Equal Protection Clause of the U.S. Constitution, an order permanently enjoining enforcement of those laws, and an order requiring the two Clerk Defendants to "accept applications and issue marriage licenses to same-sex couples on the same terms as different-sex couples." *Id.* Because Plaintiffs did not name as a defendant the State of West Virginia or any state "agency, officer, or employee," the State of West Virginia moved to intervene as of right pursuant to 28 U.S.C. § 2403(b) for the limited purpose of defending the constitutionality of the statutes in question. *See* Doc. 25.

In response to the Complaint, Clerk Defendants filed a Motion to Dismiss,[1] arguing that the Court should abstain from exercising jurisdiction over this matter pursuant to the *Burford* abstention doctrine. *See* Docs. 26 & 31. After the parties fully briefed these Motions, this Court issued a Memorandum Opinion and Order on January 29, 2014 directing Plaintiffs to either "1) seek joinder of whatever additional parties they deem necessary to create greater certainty as to the effect of a ruling in this case, or 2) file a responsive pleading explaining why the existing Defendants in this lawsuit are sufficient to bind state authorities and all county clerks should a ruling on the merits be made in favor of Plaintiffs and why joinder of additional parties is not necessary.". Doc. 56. In response to this Order, Plaintiffs chose not to seek leave to amend their Complaint to join additional parties, but instead filed a brief arguing that their inclusion of only

---

1 The State of West Virginia also filed a partial Motion to Dismiss, which was granted.

two (2) of clerks of the fifty-five (55) counties in West Virginia and the State's very limited intervention suffices to allow this Court to afford them complete relief. Doc. 61.

The Clerk Defendants urge this Court to abstain from exercising jurisdiction over this matter because:

- The Clerk Defendants lack privity with the State of West Virginia because they lack the statutory authority to bind the State. Therefore, any judgment entered by this Court would enjoin only Ms. Cole and Ms. McCormick from following current, validly enacted West Virginia law.

- The State's limited intervention is insufficient to allow this Court to enter an enforceable order against the fifty-three (53) non-party clerks or any State officials.

- An exercise of jurisdiction would result in piecemeal litigation and disrupt legislative efforts to enact statewide regulations.

## II. ARGUMENT

### A. COUNTY CLERKS ARE NOT IN PRIVITY WITH THE STATE BECAUSE THE COUNTY CLERKS DO NOT HAVE STATUTORY AUTHORITY TO REPRESENT THE INTERESTS OF THE STATE IN THIS SUIT.

Rule 65 of the Federal Rules of Civil Procedure indicates that privity is the dispositive issue as to the enforceability of any order granting Plaintiffs' requested injunctive relief against the State and the fifty-three (53) non-party County Clerks. *See* Doc. 61, pg. 3.[2] However, Plaintiffs selectively quote the officials-in-privity doctrine as it relates to a *res judicata* determination. While governmental officers _may_ be in privity with the State for *res judicata* applicability, the key determining factor as to whether privity exists (and therefore, making it appropriate to apply *res judicata*) is whether the party sued has the authority to represent the

---

[2] Plaintiffs seek this Court to issue an injunction related to the enforcement of statutes prohibiting same-sex marriage in this State. The appropriate avenue to determine whether such an injunction is enforceable against each and every other County Clerk is through an analysis of Rule 65 of the *Federal Rules of Civil Procedure*. Ultimately, however, due to the language of Rule 65(d)(2)(C), the issue is one of privity. As a result, while these Defendants maintain that analyzing *res judicata* at this issue is inappropriate, the determination of privity is dispositive of the issue related to enforceability of an injunction against non-parties. Because both *res judicata* and Rule 65(d)(2)(C) require a privity analysis, ultimately such an analysis must be undertaken, regardless of the doctrine which the Court analyzes the enforceability issue under.

interests of the State in a final adjudication of the issue in controversy. *See Sunshine Anthracite Coal Co. v. Adkins*, 301 U.S. 381, 402-3 (1940); *see also Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284-289 (1905) (finding the County tax commissioner had the authority to represent the State in a tax collection issue due to statutory authority). In *Nash County Bd. of Education v. Biltmore Co.*, relied upon by Plaintiffs in asserting application of the official-in-privity doctrine, the Fourth Circuit Court of Appeals required that the non-party must be "one whose interests were adequately represented by another *vested with the authority of representation* . . . ." 640 F.2d 484, n. 17 (4th Cir. 1981). For privity to exist, this vestment of authority must be "one of substance" and not merely form. *See id.* Thus, this Court must review the authority vested in the party-defendant.

In *Gunter*, the Supreme Court analyzed the statutory authority of county tax assessors to determine whether authority existed for those individual county tax assessors to "stand in" for the State. Tax assessors from Darlington and Chesterfield Counties, South Carolina assessed taxes against the Cheraw and Darlington Railroad pursuant to state statutory authority. The railroad company filed suit to challenge the taxes and argued that a contract of exemption prohibited collection of the taxes from this railroad company. The trial court ultimately enjoined Darlington and Chesterfield Counties, represented by the State Attorney General in the suit, from seeking taxes under the state statute based upon the contract of exemption. Over twenty-five years later, the State attempted to challenge the contract of exemption and sought to collect past due taxes. The Supreme Court determined that the case turned on the enforceability of the original injunction, which was entered against Darlington and Chesterfield Counties, against the State to enjoin the collection of taxes by the State. The Court further narrowed the issue as to whether county tax assessors were "endowed with authority to stand in judgment for the State in

4

suits brought against such officers wherein the validity of the taxes was assailed?" *Id.* at 285. Based upon the statutory authority, which granted each county tax assessor the authority "for and on behalf of the State" to protect the interest of the State in issues related to collection of taxes, the Supreme Court found that the county tax assessors were "endowed with authority to stand in judgment for the State." *Id.* at 285 - 286. Thus, the finding of authority was based upon a specific statute which expressly vested the county tax collectors authority to protect the state's interest and to act "for and on behalf of the State."

The Ninth Circuit Court of Appeals has recognized that merely being a part of the same government is *not* sufficient to meet the crucial element of whether the party appearing has the authority to represent the interest of the non-party government agency on a certain issue. *See United States v. Alky Enterprises, Inc.*, 969 F.2d 1309, 1314 (9th Cir. 1992). In *Alky Enterprises*, the Interstate Commerce Commission ("ICC") sought injunctive relief against Alky Enterprises for alleged violations of the Interstate Commerce Act. The Attorney General filed a subsequent action seeking civil penalties for the same alleged violations of the Interstate Commerce Act. Alky Enterprises argued that *res judicata* barred the subsequent action by the Attorney General. In analyzing this matter, the Ninth Circuit found that the ICC did not possess any "express" or otherwise clear directive authorizing the ICC to bring an action to collect civil penalties owed to the United States Government. *Id.* at 1314. Because the ICC did not have the authority to pursue such an action, the prior injunctive action by the ICC did not bar a subsequent action by the Attorney General to seek civil penalties for the same alleged violations. *See id.* at 1315.

Here, the Clerk Defendants lack any authority to represent the State with respect to the issue of the constitutionality of the statutory prohibitions against same-sex marriage. The State Registrar is solely responsible for supervising the licensing and recording of each new marriage

by promulgating uniform state wide forms, including the State's marriage application. *See* W.Va. Code §§ 16-5-5, 16-5-34, 16-5-35. Further, the Secretary of State bears responsibility for enforcing the marriage solemnization process, as set forth in W.Va. Code § 48-2-401. County clerks are permitted only to accept applications in accordance with current West Virginia law enacted by the Legislature, to issue licenses as permitted by current West Virginia law enacted by the Legislature, to record marriages solemnized by an official recognized by the Secretary of State, and to "forward to the State Registrar a report of all marriage records made by him or her . . . on a form prescribed or furnished by the State Registrar." W.Va. Code § 16-5-35(a); *see also id.* §§ 48-2-102, 48-2-105 to 48-2-107. In fact, Plaintiffs admit that "the role of the county clerks with respect to marriage is merely ministerial [and] the clerks necessarily have no independent prerogative with regard to the issuance of marriage licenses." Doc. 61, pg. 10. The Kanawha County Clerk and/or the Cabell County Clerk lack any statutory authority to represent the interests of the State with respect to statutory provisions defining marriage. Pursuant to *Gunter, Alky Enterprises* and *Nash County Board of Education*, the Clerk Defendants lack the authority to represent the interests of the State in a final adjudication of the issue, as they are not vested with any express or inherent authority to represent the State in issues related to marriage rights. Because of such, no privity exists between the State and the Clerk Defendants for purposes of enforceability.

Further, Plaintiffs argue that the fifty-three (53) non-party County Clerks will be bound by a decision of this Court and cite to a California state court holding that County Clerks in California have no independent prerogatives with regard to marriage laws. *See Lockyer v. City and County of S.F.*, 95 P.3d 459, 463-464 (Cal. 2004). Plaintiffs' reliance upon this case is confusing, as it not only does not stand for the proposition that all County Clerks are bound by a

decision of a Court against two County Clerks, who are not in privity with the other County Clerks but does not even discuss privity. Privity must exist in order for an injunction to be enforceable against non-parties. *See Fed. R. Civ. P.* 65; *see also Mobay Chemical Co. v. Hudson Foam Plastics Corp.*, 277 F. Supp. 413, 416-417 (S.D.N.Y. 1967). Privity simply does not exist between different County Clerks merely because they all must perform the same ministerial function, and the California decision does not assert that privity exists between County Clerks. Further, Plaintiffs cite to no law that appoints the Kanawha County Clerk and the Cabell County Clerk as having authority to represent or defend *all* County Clerks in West Virginia. Again, the Clerk Defendants simply have no authority vested in them that allows these Defendants to "stand in judgment" on behalf of each and every County Clerk in this West Virginia.[3]

In sum, any adverse ruling as to the constitutionality of the statutes prohibiting same-sex marriage would result in an injunction enforceable only against solely the two Clerk Defendants, and would leave the State and the remaining 53 Counties without an adverse ruling and free to apply the statutory prohibition against same-sex marriages without being subject to a contempt order[4] or *res judicata*. Therefore, this Court could not afford Plaintiffs complete relief by entering an Order enjoining the Clerk Defendants from complying with West Virginia law.

---

3 To the extent Plaintiffs continually rely upon a statement in a Motion by Defendant McCormick that this matter will impact each and every County Clerk for some sort of agreement that this case will have binding precedent on this matter, this is simply inaccurate. While Plaintiffs have shown a pattern of cherry-picking statements in both filings and case law that tend to support their position, each and every Defendant in this matter has argued that this matter will create substantial confusing, as any adverse action by the Court will create a non-uniform approach to marriage in this case. *See e.g.* Doc. 35, pgs. 2-4; *see also* Doc. 32, pgs. 4-9. Because of the potential for a non-uniform approach to the enforcement of the statutes prohibiting same-sex marriage, obviously each and every County Clerk will be affected by an adverse ruling, as there will be a substantial question as to how the State and County Clerks will implement this non-uniform approach to marriage.

4 The remedy for a violation of an injunction is an order of contempt. *See Fed. R. Civ. P.* 70.

## B. THIS COURT MAY NOT INHERENTLY ENJOIN NON-PARTIES WHO ARE NOT IN PRIVITY WITH THE CLERK DEFENDANTS.

Plaintiffs also assert their facial challenge to the constitutionality of the statues prohibiting same-sex marriage would result in an adverse ruling "inherently" extending beyond the named parties. In support of this assertion, Plaintiffs quote certain decisions that support the proposition a ruling in favor of their facial challenge to the constitutionality of a statute is equivalent to a ruling that statutes are unconstitutional under every scenario. Plaintiffs cite no law or precedent holding that a facial challenge to a statute is enforceable against all non-parties who are *not* in privity with the named parties, as is the case here. Recognizing the lack of the authority for such an argument, Plaintiffs rely upon the word "inherently." This Court should not be persuaded by Plaintiffs' misplaced reliance upon the word "inherently" to extend any adverse ruling to non-parties.

This Court may not "inherently" enjoin parties beyond the authority prescribed by common law and codified by the *Federal Rules of Civil Procedure*, despite Plaintiffs' assertion. As Judge Learned Hand noted:

> [N]o court can make a decree which will bind anyone but a party; a court of equity is as much so limited as a court of law; it cannot lawfully enjoin the world at large, no matter how broadly it words its decree. If it assumes to do so, the decree is pro tanto brutum fulmen, and the persons enjoined are free to ignore it. It is not vested with sovereign powers to declare conduct unlawful; its jurisdiction is limited to those over whom it gets personal service, and who therefore can have their day in court.

*Alemite Mfg. Corp. v. Staff*, 42 F.2d 832, 832-833 (2d Cir. N.Y. 1930). Further, "[t]he courts may not grant an enforcement order or injunction so broad as to make punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *State University of New York v. Denton*, 35 A.D.2d 176, 179 (N.Y. App. Div. 4th Dep't 1970)

(quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13 (1945)). Despite this clear legal doctrine, Plaintiffs request that the Court break this legal precedent by "inherently" extending an injunction beyond this Court's authority. Plaintiffs' request is improper, not supported by any law or precedent and is directly adverse to the limitation of an injunctive order. This Court may not "inherently" enjoin non-parties who lack privity with the Clerk Defendants from enforcing current statutes prohibiting same-sex marriage. As the Clerk Defendants lack privity with the State and with the other fifty-three (53) non-party County Clerks, this Court may not enforce an adverse ruling against these non-parties, "inherently" or otherwise.

## C. THE INTERVENTION OF THE STATE OF WEST VIRGINIA TO DEFEND THE CONSITITUTIONALITY OF THE LAW IS NOT SUFFICIENT TO ENJOIN THE STATE.

The State of West Virginia is filing a separate brief discussing the insufficiency of its limited intervention to enjoin the State from enforcing its laws. As a result, the Clerk Defendants incorporate in full the arguments presented by the Attorney General's Office, as counsel for the State, related to this point as if the same were set forth herein.

## D. THIS COURT SHOULD ABSTAIN FROM RULING ON THIS MATTER, AS AN ADVERSE RULING WOULD DISRUPT STATE EFFORTS TO ESTABLISH A COHERENT POLICY WITH RESPECT TO A MATTER OF SUBSTANTIAL PUBLIC CONCERN.

Plaintiffs insist that this case is distinguishable from those in which courts abstained from exercising jurisdiction so as not to disrupt "state efforts to establish a coherent policy with respect to a matter of substantial public concern" in a final effort to avoid a rightful dismissal of this action by this Court. Based upon the foregoing, as well as the arguments in favor of abstention set forth in the Clerk Defendants' previously-filed Motions to Dismiss and Cross-Motion for Summary Judgment and Response to Plaintiffs' Motion for Summary Judgment that

9

an injunction against only two County Clerks in the Southern District of West Virginia would substantially disrupt the State's effort to establish a coherent policy with respect to marriage. This Court previously recognized that the lack of a state-wide effect will be disruptive to the State's efforts to create a coherent policy. Doc. 56, pg. 14 ("While this concern in creating a coherent policy is sufficient ground for abstention . . . ."). As asserted in their previously filed Motions to Dismiss, an adverse ruling will disrupt the State's effort to establish a coherent policy with respect to marriage, as the Clerks of two (2) out of fifty-five (55) counties will be required to accept marriage license applications and issue licenses to same-sex couples, in violation of West Virginia law, while the remaining fifty-three (53) counties will continue to enforce the statutes prohibiting same-sex marriage. Further, should Plaintiffs prevail, additional litigation will presumably be pursued against various County Clerks (and/or the State), as this decision is not entitled to *res judicata* against non-parties, as discussed at length above. Plaintiffs have recognized that *Burford* abstention is designed to prevent "piecemeal federal adjudication." *See* Doc. 61, pg. 13. Because an adverse ruling by this Court will certainly create a disruption of the State's effort to establish a coherent policy and will create additional piecemeal litigation, dismissal by means of abstention is appropriate.

Further, should this Court rule against the Clerk Defendants, this Court cannot compel enforcement of this ruling to County Clerks who operate solely within the confines of the Northern District of West Virginia, which further creates additional disruption to the State's attempt at a coherent policy with respect to marriage. First, as previously discussed, the Clerk Defendants are not in privity with any other County Clerk, so the non-party County Clerks are not subject to an injunction issued by this Court. Even if the Court erroneously finds that privity exists, this Court does not have personal jurisdiction over the County Clerks in the Northern

District, as those County Clerks operate solely within the jurisdiction of the Northern District and therefore have no minimum contacts with this jurisdiction. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ("[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present <u>within the territory of the forum</u>, he have certain minimum contacts with it . . . .") (emphasis added). Because there is no enforcement mechanism, all but two (2) County Clerks must continue enforcing the statutory prohibitions against same-sex marriage, creating a substantial disruption in the State's effort to create a coherent policy regarding marriage.

Moreover, Plaintiffs' assertion that abstention would "unfairly disadvantage individuals from more populous or geographically expansive states in obtaining federal adjudication" is disingenuous. *See* Doc. 61, pg. 16. This Court's ruling will not "unfairly disadvantage" anyone, as this Court will be applying the law and preventing a substantial disruption of the State's interest in a coherent policy regarding marriage. The issue of a substantial disruption due to forcing two (2) County Clerks to recognize same-sex marriage while allowing fifty-three (53) other County Clerks to continue to enforce the statutory prohibition result would not be present if Plaintiffs simply brought suit against a party in privity with all fifty-five (55) County Clerks. The asserted unfair disadvantage has been created solely by Plaintiffs and should not constitute a valid defense to a dismissal.

Finally, Plaintiffs' urge this Court to retain jurisdiction over this matter based upon the suggestion that there may be a future appeal. Plaintiffs have not cited to any case law that a future appeal is grounds to forego the requirements that Plaintiffs bring suit against the appropriate parties to obtain the requested relief, thereby avoiding a ruling that would substantially disrupt the State's effort to establish a coherent policy with respect to marriage. In

other words, it appears Plaintiffs are hoping this Court will discard established case law and apply novel reasoning, thereby increasing the likelihood of an appeal, to prevent a dismissal in this action. Consequently, *Burford* abstention is appropriate in this matter.

Even if the Court finds that the lack of state-wide relief is not an appropriate ground for abstention, the Clerk Defendants and the State of West Virginia asserted Rule 19 arguments in their respective cross-motions for summary judgment. As a result, a ruling with respect to the issue of whether the Clerk Defendants can bind the State and the 53 other County Clerks should be held in abeyance, as the briefing on the Rule 19 issue will reinforce Plaintiffs' failure to bring suit against the appropriate parties.

### III. CONCLUSION

Plaintiffs fast-paced this litigation to rush this Court into ruling on the constitutionality of West Virginia's statutory prohibitions against same-sex marriage, without any regard to whether they are achieving their ultimate goal within the applicable legal confines. Plaintiffs selectively quoted binding precedent, failed to add the appropriate parties when given an opportunity to do so by the Court, and filed a Motion for Summary Judgment while numerous Motions to Dismiss were not fully briefed and remained outstanding before this Court. Despite Plaintiffs' attempts to speed through this Court to the appellate level, Plaintiffs are left with the fact that the appropriate parties to bind the State, i.e. those individuals or entities with the authority to "stand in judgment" on behalf of the State, are not parties to this action and are not in privity with the parties to this action. Plaintiffs request that the Court make "inherent" extensions of case law to support arguments with no basis in law or precedent. Plaintiffs attempt to impose upon this Court a belief that their constitutional challenge somehow entitles them to a ruling lest the Court "blunt [the] mechanism for federal adjudication." Doc. 61, pg. 16. However, Plaintiffs fail to

acknowledge that they may still pursue this action, as long as they bring suit against the appropriate parties.

Accordingly, the Clerk Defendants respectfully request that this Court find that the Clerk Defendants do not have the authority to represent the interests of the State in a final adjudication of the issue in controversy. To find otherwise would subject "ministerial" officials, with no discretion, prerogative or authority with respect to the laws they are duty bound to enforce, to improperly stand in place of the legally correct entity to defend a challenged statute, law, ordinance or policy. This Court should find that no privity exists between the Clerk Defendants, the State, and the fifty-three (53) non-party Clerks, and dismiss this action. Otherwise, an Order granting the Plaintiffs' relief will disrupt attempts to establish a coherent policy with respect to a matter of substantial public concern. *See e.g. First Penn-Pacific Life Ins. Co. v. William R. Evans, Chtd.*, 304 F.3d 345, 348 (4th Cir. 2002) (stating that Courts should abstain from ruling on issues in a federal forum that "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."). Therefore, the Clerk Defendants respectfully request that this Court abstain from ruling on this matter.[5]

KAREN S. COLE and
VERA J. MCCORMICK

**By counsel**

**/s/ Lee Murray Hall**
**Lee Murray Hall, Esquire**
**Sarah A. Walling, Esquire**

---

5 Again, should this Court find abstention is not the appropriate legal doctrine to dismiss this matter, these Defendants and the State of West Virginia have asserted Rule 19 arguments in their respective cross-motions for Summary Judgment. This is certainly a valid basis for dismissing this matter.

JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, West Virginia 25726
lmh@jenkinsfenstermaker.com
nak@jenkinsfenstermaker.com
saw@jenkinsfenstermaker.com
*Counsel for Defendant Karen S. Cole*


/s/ Charles R. Bailey
Charles R. Bailey, Esq.
Michael W. Taylor, Esq.
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
P.O. Box 3710
Charleston, WV 25337-3710
cbailey@baileywyant.com
mtaylor@baileywyant.com
*Counsel for Defendant Vera J. McCormick*

14

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
Huntington Division

CASIE JO MCGEE and SARAH
ELIZABETH ADKINS; JUSTIN
MURDOCK and WILLIAM GLAVARIS;
and NANCY ELIZABETH MICHAEL and
JANE LOUISE FENTON,
individually and as next friends of A.S.M.,
minor child,

      Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No. 3:13-CV-24068
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Robert Chambers
KAREN S. COLE, in her official capacity as
CABELL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK,

      Defendants.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of foregoing "JOINT RESPONSE OF DEFENDANTS KAREN S. COLE AND VERA J. MCCORMICK TO PLAINTIFFS' MEMORANDUM OF LAW IN RESPONSE TO COURT'S ORDER OF JANUARY 29, 2014" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, February 19, 2014:

Camilla B. Taylor, Esq.
Lambda Legal Defense and Education Fund, Inc.
105 West Adams, 26th Floor
Chicago, IL 60603-6208
Email Address: ctaylor@lambdalegal.org
Attorney For: Plaintiffs

Elbert Lin

Officer of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305
Email Address: elbert.lin@wvago.gov
Attorney For: State of West Virginia

Elizabeth L. Littrell, Esq.
Lambda Legal Defense and Education Fund, Inc.
730 Peachtree Street, N.E.
Suite 1070
Atlanta, GA 30308-1210
Email Address: blittrell@lambdalegal.org
Attorney For: Plaintiffs

Heather D. Foster Kittredge, Esq.
The Tinney Law Firm, PLLC
707 Virginia Street, East, 14th Floor
P.O. Box 3752
Charleston, WV 25337
Email Address: hkitteredge@tinneylawfirm.com
Attorney For: Plaintiffs

John H. Tinney, Jr.
The Tinney Law Firm PLLC
PO Box 3752
Charleston, WV 25337-3752
Email Address: jacktinney@tinneylawfirm.com
Attorney For: Plaintiffs

Julie A. Warren, Esq.
Office of the West Virginia Attorney General
State Capitol Building 1, Rm E-26
Charleston, WV 25305
Email Address: Julie.Warren@wvago.gov
Attorney For: State of West Virginia

Julie M. Blake
West Virginia Office of the Attorney General
State Capitol
Building 1, Room E-26

Charleston, WV 25305
Email Address: Julie.M.Blake@wvago.gov
Attorney For: State of West Virginia

Karen L. Loewy, Esq.
Lambda Legal Defense and Education Fund, Inc.
120 Wall Street, 19th Floor
New York, NY 10005-3904
Email Address: kloewy@lambdalegal.org
Attorney For: Plaintiffs

Lee Murray Hall
Jenkins Fenstermaker, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
Email Address: lmh@jenkinsfenstermaker.com
Attorney For: Karen S. Cole

Lindsay C. Harrison, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lharrison@jenner.com
Attorney For: Plaintiffs

Luke C. Platzer, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: lplatzer@jenner.com
Attorney For: Plaintiffs

Paul M. Smith, Esq.
Jenner & Block
1099 New York Avenue, NW Suite 900
Washington, D.C. 20001-4412
Email Address: psmith@jenner.com
Attorney For: Plaintiffs

      /s/ Charles R. Bailey
Charles R. Bailey, Esq.
Michael W. Taylor, Esq.
Bailey & Wyant, PLLC