UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CASIE JO MCGEE and SARAH ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
individually and as next friends of A.S.M., a minor
child;

        *Plaintiffs,*

        v.

KAREN S. COLE, in her official capacity as
CABEL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK;

        *Defendants,*

        and

STATE OF WEST VIRGINIA;

        *Defendant-Intervenor.*

No. 3:13-cv-24068

Hon. Robert Chambers

## AMENDED MOTION TO LIFT STAY AND ENTER JUDGMENT

**COMES NOW** Plaintiffs, Casie Jo McGee and Sarah Elizabeth Adkins, Justin Murdock

and William Glavaris, and Nancy Elizabeth Michael and Jane Louise Fenton (individually and as

next friends of A.S.M.) (collectively, "Plaintiffs"), by counsel, and hereby submit the following

Motion to Lift Stay and Enter Judgment whereby Plaintiffs request that the Court lift the stay of

proceedings entered September 16, 2014 and enter judgment in favor of the Plaintiffs on their

Motion for Summary Judgment (D.E. 40) based on the Fourth Circuit's now-final decision in

*Bostic.*

## I.     No Further Stay Is Warranted.

On September 16, 2014, this Court issued an Order staying this case pending a decision from the Supreme Court in *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014) (D.E. 130).  On October 6, 2014, the Supreme Court denied the petition for certiorari in *Bostic*.  *See McQuigg v. Bostic,* No. 14-251, 2014 WL 4354536 (U.S. Oct. 6, 2014).  That denial rendered final the Fourth Circuit's decision that the Virginia Marriage Laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.  *See Bostic*, 760 F.3d at 384.

Now that the Fourth Circuit has finally resolved the merits issues presented by this case, there is no justification for any continued delay in the adjudication of this case, and this Court may proceed without delay to enter judgment in Plaintiffs' favor.

## II.     *Bostic* Controls This Case.

The Fourth Circuit's opinion striking down Virginia's marriage ban — a law it recognized as "similar" to the one at issue here — dictates the outcome of this case.  *See Bostic,* 760 F.3d at 367 n.I (describing West Virginia's marriage ban as "similar" to Virginia's).  As an initial matter, the Court rejected entirely the contention — identical to the one made by the State here — that consideration of a constitutional challenge to a marriage ban is barred by *Baker v. Nelson,* 409 U.S. 810 (1972) (mem.). The Fourth Circuit "decline[d] to view *Baker* as binding precedent" in light of "the Supreme Court's apparent abandonment of *Baker* and the significant doctrinal developments that occurred after the Court issued its summary dismissal in that case." *Bostic,* 760 F.3d at 375. Accordingly, the Court addressed the constitutional challenge on the merits.

Regarding the due process and equal protection claims at issue in *Bostic* — claims

2

identical to the ones asserted by Plaintiffs, see Complaint (D. E. 8) at 21, 24 — the Fourth Circuit held that the fundamental right to marry encompasses the right of all individuals to marry the person of their choice. *See Bostic*, 760 F.3d at 376 ("the fundamental right to marry encompasses the right to same-sex marriage"). The Court therefore held that strict scrutiny applied to bans excluding same-sex couples from marriage. *Id.* The Court rejected arguments, similar to those made by the State, that the right to marry simply did not extend to same-sex couples, reasoning that "[i]f courts limited the right to marry to certain couplings, they would effectively create a list of legally preferred spouses, rendering the choice of whom to marry a hollow choice indeed." *Id.* at 377.

Applying strict scrutiny, the Court rejected any possible state interest that Virginia asserted to justify its marriage ban:

- The Court held that neither "states' traditional authority over marriage" nor the fact that a marriage ban was passed via a "democratic process" is sufficient to exempt it from constitutional scrutiny or justify the burden on same-sex couples. *Id.* at 378-79.

- The Court found that the "'history and tradition' of opposite-sex marriage" is not a compelling interest that permits states to exclude same-sex couples from marriage. *Id.* at 380.

- The Court rejected the argument that allowing same-sex couples equal access to marriage would "destabilize the institution of marriage" or "sever the link between marriage and procreation," because "it is more logical to think that ... allowing loving, committed same-sex couples to marry and recognizing their out-of-state marriages will strengthen the institution of marriage." *Id.* at 380-81.

- The Court held that "excluding same-sex couples from marriage due to their inability to have unintended children makes little sense," and that "barring same-sex couples' access to marriage does nothing to further [a state's] interest in responsible procreation." *Id.* at 382-83.

- The Court rejected any rationale that a state interest in promoting "optimal childrearing" would justify a marriage ban, finding such logic to rely on "overbroad generalizations," and holding that "there is no link between banning same-sex marriage and promoting optimal childrearing." *Id.* at 383-84.

Finding that no justification existed for the marriage ban's burden on same-sex couples and their

families, the Court held it to violate the Fourteenth Amendment's due process and equal

protection guarantees. *Id.* at 384. As the Court explained:

> Civil marriage is one of the cornerstones of our way of life. It allows individuals to
> celebrate and publicly declare their intentions to form lifelong partnerships, which
> provide unparalleled intimacy, companionship, emotional support, and security. The
> choice of whether and whom to marry is an intensely personal decision that alters the
> course of an individual's life. Denying same-sex couples this choice prohibits them from
> participating fully in our society, which is precisely the type of segregation that the
> Fourteenth Amendment cannot countenance.

*Id.*

In so holding, the Fourth Circuit joined the avalanche of federal and state court decisions

that have struck down state marriage bans as unconstitutional in the little over a year since

*Windsor* was decided.[1] Other states, including North Carolina, have announced that further

---

[1] *See Baskin v. Bogan*, No. 14-23862014,  2014 WL 4359059 (7th Cir. Sept. 4, 2014)
(unanimously finding that the exclusion by Indiana and Wisconsin of same-sex couples from
marriage violates the Equal Protection Clause of the Fourteen Amendment); *Bostic v. Schaefer*,
No. 14-1167, slip op. (4th Cir. July 28, 2014 ), affirming *Bostic v. Rainey*, 970 F. Supp. 2d 456
(E.D. Va. 2014); *Bishop v. Smith*, Nos. 14-5003, 14-5006, 2014 WL 3537847 (10th Cir. July 18,
2014), affirming *Bishop v. U.S ex rel. Holder*, 962 F. Supp. 2d 1252 (N.D. Okla. 2014); *Kitchen
v. Herbert*, No. 13-4178, 2014 WL 2868044 (10th Cir. June 25, 2014), affirming *Kitchen v.
Herbert*, 961 F. Supp. 2d 1181 (D. Utah 2013); *Brenner v. Scott*, No. 4:14cv107-RH/CAS, 2014
WL 4113100 (N.D. Fla. Aug. 21, 2014) (preliminary injunction for plaintiffs in constitutional
challenge to marriage ban); *Burns v. Hickenlooper*, No. 14-cv-01817, 2014 WL 3634834 (D.
Colo. July 23, 2014); *Love v. Beshear*, No. 3:13-cv-750, 2014 WL 2957671 (W.D. Ky. July 1,
2014); *Baskin v. Bogan*, No. 1:14-cv-00355, 2014 WL 2884868 (S.D. Ind. June 25, 2014); *Wolf
v. Walker*, 986 F. Supp. 2d 982 (W.D. Wis. 2014); *Whitewood v. Wolf*, No. 1:13-cv-1861, 2014
WL 2058105 (M.D. Pa. May 20, 2014); *Geiger v. Kitzhaber*, Nos. 6: 13-cv-01834, 6: 13-cv-
02256, 2014 WL 2054264 (D. Or. May 19, 2014); *Evans v. Utah*, No. 2:14-cv-00055, 2014 WL
2048343 (D. Utah, May 19, 2014); *Latta v. Otter*, No. 1: 13-cv-00482, 2014 WL 1909999 (D.
Idaho May 13, 2014); *Henry v. Himes*, No. 1:14-cv-129, 2014 WL 1418395 (S.D. Ohio Apr. 14,
2014); *DeBoer v. Snyder*, 973 F. Supp. 2d 757 (E.D. Mich. 2014); *Tanco v. Haslam*, No. 3:13-
cv-01159, 2014 WL 997525 (M.D. Tenn. Mar. 14, 2014) (preliminary injunction); *De Leon v.
Perry*, 975 F. Supp. 2d 632 (W.D. Tex. 2014) (preliminary injunction); *Lee v. Orr*, 13-cv-8719,
2014 WL 683680 (N.D. Ill. Feb. 21, 2014); *Bourke v. Beshear*, 3:13-cv-750-H, 2014 WL 556729
(W.D. Ky. Feb 12, 2014); *Gray v. Orr*, 2013 U.S. Dist. LEXIS 171473 (N.D. Ill., Dec. 5, 2013)
(preliminary injunction); *Obergefell v. Wymyslo*, 962 F. Supp. 2d 968 (S.D. Ohio 2013); *Barrier
v. Vasterling*, No. 1416-CV03892 (Jackson Cnty. Cir. Ct., Mo., Oct. 3, 2014); *In re Costanza
and Brewer*, No. 2103-0052 (Parish of Layfayette, Sept. 22, 2014)  (finding Louisiana's marriage
ban unconstitutional); *In Re: Estate of Bangor*, No. 502014CP001857XXXXMB (Palm Beach
Cnty. Cir. Ct., Fla., Aug. 5, 2014) (finding Florida's ban unconstitutional); *Pareto v. Ruvin*, No.

defense of their marriage bans is futile in light of the overwhelming legal precedent on this question.[2] As of October 6, 2014, the Supreme Court has denied seven different petitions for certiorari in these cases, thereby rendering final the decisions in *Bostic* and six other cases holding that marriage bans are unconstitutional. *Bostic* is now binding precedent in the Fourth Circuit pursuant to which West Virginia's marriage ban should be held unconstitutional.

Finally, to the extent Defendants have tried to raise doubts about whether Plaintiffs' claims in this case are procedurally sound, the Fourth Circuit's decision in *Bostic* laid them to rest. In *Bostic*, the plaintiffs asserted claims against George E. Schaefer, III in his official capacity as the Clerk for the Circuit Court for the City of Norfolk, for denying them a marriage license. The Fourth Circuit held that there was Article III standing to assert claims against the Clerk:

> This license denial constitutes an injury for standing purposes .... Bostic
> and London can trace this denial to Schaefer's enforcement of the
> allegedly unconstitutional Virginia Marriage Laws, and declaring those
> laws unconstitutional and enjoining their enforcement would redress

14-1661 (Miami-Dade County Cir. Ct., July 25, 2014) (invalidating Florida's ban); *Huntsman v. Heavilin*, No. 2014-CA-305-K (Monroe County Cir. Ct., July 17, 2014) (same); *Brinkman v. Long*, No. 13-cv-32572, 2014 WL 3408024 (Adams County Dist. Ct., July 9, 2014) (invalidating Colorado's ban); *A.L.F.L. v. K.L.L.*, No. 2014-CI-02421 (Bexar Cnty. Dist. Ct., Tex., Apr. 22, 2014) (declaring Texas' ban unconstitutional on its face); *Griego v. Oliver*, 316 P.3d 865, 889 (N.M. 2013); *Wright v. Arkansas*, No. 60CV -13-2662, 2014 WL 1908815 (Pulaski County Cir. Ct., May 9, 2014) (invalidating Arkansas' ban); *Garden State Equal. v. Dow*, 82 A.3d 336 (N.J. Super. Ct. Law Div. 2013) (invalidating New Jersey's ban). *But see Robicheaux v. Caldwell*, Case 3:13-cv-24068, No. 13-5090 (E.D. La. Sept. 3, 2014) *appeal pending* (granting summary judgment in favor of defendants and upholding the State of Louisiana's marriage ban under a rational basis standard of review).

[2] *See* Associated Press, NC Attorney General Won't Defend Gay Marriage Ban Following Va. Ruling, WJLA.com (July 28, 2014), available at http://www.wjla.com/articles/2014/07/nc-attorney-general-won-t-defend-gay-marriage-ban-following-va-ruling-105530.html (noting that the North Carolina attorney general announced that the state would no longer defend its marriage ban because to do so in light of *Bostic* would be "futile"); Statement of the Attorney General of Colorado, Oct. 6, 2014, available at
http://www.coloradoattorneygeneral.gov/press/news/2014/10/06/colorado_attorney_general_comments_us_supreme_court_decision_deny_ruling_same_ (announcing that Colorado will abide by the decision of the 10th Circuit with respect to Utah and Oklahoma's bans and will begin issuing marriage licenses shortly).

5

Case 3:13-cv-24068 Document 132 Filed 10/06/14 Page 6 of 9 PageID #: 4551

> Bostic and London's injuries. Bostic and London therefore possess
> Article III standing with respect to Schaefer.

*Bostic*, 760 F.3d at 371. The fact that other defendants may also have been named in *Bostic* was irrelevant to the Fourth Circuit's analysis of the plaintiffs' standing vis-à-vis the Clerk. In this case, as in *Bostic*, the denial of a marriage license to the Plaintiffs "constitutes an injury for standing purposes," and declaring West Virginia's marriage ban unconstitutional and enjoining its enforcement would redress Plaintiffs' injuries. Accordingly, the decision in *Bostic* controls the result in this case on both procedural grounds and the merits.

## CONCLUSION

Accordingly, Plaintiffs respectfully request that the Court lift the stay it has entered in this case and enter judgment for the Plaintiffs in accordance with the Fourth Circuit's decision in *Bostic*.

Dated: October 6, 2014                    Respectfully submitted,

**CASIE JO MCGEE and SARAH
ELIZABETH ADKINS, et al.**

By Counsel:

_____/s/ Karen L. Loewy_____
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.

Camilla B. Taylor (*pro hac vice*)
105 West Adams, 26th Floor
Chicago, Illinois 60603-6208
Phone: (312) 663-4413
Fax: (312) 663-4307
ctaylor@lambdalegal.org

Elizabeth L. Littrell (*pro hac vice*)
730 Peachtree Street, NE
Suite 1070
Atlanta, Georgia 30308-1210
Phone: (404) 897-1880

6

Fax: (404) 897-1884
blittrell@lambdalegal.org

Karen L. Loewy (*pro hac vice*)
120 Wall Street, 19th Floor
New York, New York  10005-3904
Phone: (212) 809-8585
Fax: (212) 809-0055
kloewy@lambdalegal.org

THE TINNEY LAW FIRM, PLLC
John H. Tinney, Jr. (WVSB #6970)
Heather Foster Kittredge (WVSB #8543)
PO Box 3752
Charleston, West Virginia  25337-3752
Phone: (304) 720-3310
Fax: (304) 720-3315
JackTinney@tinneylawfirm.com
HKittredge@tinneylawfirm.com

JENNER & BLOCK LLP
Paul M. Smith (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
Luke C. Platzer (*pro hac vice*)
R. Trent McCotter (*pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC  20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6006
psmith@jenner.com
lharrison@jenner.com
lplatzer@jenner.com
rmccotter@jenner.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CASIE JO MCGEE and SARAH ELIZABETH
ADKINS; JUSTIN MURDOCK and WILLIAM
GLAVARIS; and NANCY ELIZABETH
MICHAEL and JANE LOUISE FENTON,
individually and as next friends of A.S.M., a minor
child;

        *Plaintiffs,*

        v.

KAREN S. COLE, in her official capacity as
CABEL COUNTY CLERK; and VERA J.
MCCORMICK, in her official capacity as
KANAWHA COUNTY CLERK;

        *Defendants,*

        and

STATE OF WEST VIRGINIA;

        *Defendant-Intervenor.*

No. 3:13-cv-24068
Hon. Robert Chambers

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October, 2014, I electronically filed the foregoing *"Amended Motion to Lift Stay and Enter Judgment"* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Elbert Lin, Esquire
Julie Ann Warren, Esquire
Julie Marie Blake, Esquire
Office of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305
*Counsel for the State of West Virginia*

Charles R. Bailey, Esquire
Michael W. Taylor, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV 25337-3710
*Counsel for Defendant Vera J. McCormick*


Lee Murray Hall, Esquire
Sarah A. Walling, Esquire
Jenkins Fenstermaker, PLLC
325 Eight Street
Huntington, WV 25701-2225
*Counsel for Defendant Karen S. Cole*


/s/ John H. Tinney, Jr.
John H. Tinney, Jr.