IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| CASIE JO MCGEE and SARAH ELIZABETH ADKINS; JUSTIN MURDOCK and WILLIAM GLAVARIS; and NANCY ELIZABETH MICHAEL and JANE LOUISE FENTON, individually and as next friends of A.S.M., a minor child;<br><br>    Plaintiffs,<br><br>    v.<br><br>KAREN S. COLE, in her official capacity as CABEL COUNTY CLERK; and VERA J. MCCORMICK, in her official capacity as KANAWHA COUNTY CLERK;<br><br>    Defendants,<br><br>    and<br><br>STATE of WEST VIRGINIA,<br><br>    Intervenor-Defendant. | No. 3:13-cv-24068<br><br>Hon. Robert Chambers |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES, EXPENSES AND COSTS**

Plaintiffs respectfully submit this memorandum in support in support of their Motion for Attorneys' Fees, Expenses, and Costs, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54(d). Based on this memorandum, the attached supporting materials, and the record in this case, Plaintiffs seek a total sum of $350,256.19 in fees, expenses, and costs.

## BACKGROUND AND PROCEDURAL HISTORY

On October 1, 2013, Plaintiffs filed a complaint seeking declaratory and injunctive relief overturning West Virginia Code section 48-2-104 and 48-2-4021, as well as "any other sources of West Virginia law that exclude same-sex couples from marriage" (collectively, the "marriage ban"), and permitting same-sex couples to marry.  The marriage ban required that each marriage license contain the names of "both the female and the male parties" and must contain the statement that "[m]arriage is designed to be a loving and lifelong union between a woman and a man." W. Va. Code § 48-2-104(a), (c).

Plaintiffs are six gay and lesbian West Virginians, comprising three same-sex adult couples: Casie Joe McGee and Sarah Elizabeth Adkins; Justin Murdock and William Glavaris; and Nancy Elizabeth Michael and Jane Louise Fenton, and A.S.M., their minor child.  Plaintiffs sued Karen S. Cole and Vera J. McCormick in their official capacities as Cabell County Clerk and Kanawha County Clerk, respectively.  The State of West Virginia intervened as a defendant pursuant to 28 U.S.C. § 2403(b) and Federal Rules of Civil Procedure 5.1(c) and 24(a).

On December 30, 2013, Plaintiffs filed a motion for summary judgment (Doc. 40), alleging that the marriage ban violates the due process and equal protection guarantees of the Fourteenth Amendment.  The Defendants filed motions to dismiss (Docs. 26, 31, 85), as well as motions for summary judgment (Docs. 62, 66).

On June 10, 2014, the Court stayed the case pending a decision from the Fourth Circuit in *Bostic v. Schaefer*, 760 F.3d 352 (4th Cir. 2014). (Doc. 125)  In *Bostic*, the Fourth Circuit held that Virginia's ban on same-sex marriage was unconstitutional.  *Id.* at 384.  The Supreme Court denied review in *Bostic* on October 6, 2014.  *Rainey v. Bostic*, 135 S. Ct. 286 (2014); *Schaefer v. Bostic*, 135 S. Ct. 308 (2014).

On November 7, 2014, this Court granted Plaintiffs' motion for summary judgment and denied Defendants' pending motions to dismiss and motions for summary judgment. (Doc. 140). The Court concluded that the marriage ban "directly violate[s] the due process and equal protection rights of same-sex couples" (*id.*, slip op. at 18) and accordingly "grant[ed] the Plaintiffs' requested relief" and declared the marriage can unconstitutional (*id.* at 20).

On November 18, 2014, Plaintiffs filed an unopposed motion to extend the time in which to file a motion seeking attorneys' fees and other costs. (Doc. 143). The Court granted the motion and extended the deadline for filing a petition for fees and costs to December 2, 2014.

Plaintiffs are undoubtedly the prevailing parties in this case, and accordingly, they now seek attorneys' fees, expenses, and costs for their success in this action.

## ARGUMENT

The Court granted Plaintiffs' motion for summary judgment, alleging violations of 42 U.S.C. § 1983, and denied Defendants' motions to dismiss and for summary judgment. (Doc. 140). As a result, Plaintiffs are prevailing parties entitled to attorneys' fees. As Congress has provided: "In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). Moreover, the United States Supreme Court has held that the enforcement of federal civil rights laws depends upon "private litigation as a means of securing compliance with the law." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 401-02 (1968). The availability of fee awards for prevailing parties is critical if private parties are to undertake litigation to vindicate the civil rights laws. *See id*. The purpose of providing for an award of such fees and expenses to prevailing parties is to encourage "'private litigants to act as 'private attorneys general' in

3

seeking to vindicate the civil rights laws. . . . 'Congress depends heavily upon private citizens to enforce the fundamental rights involved. The awards are a necessary means of enabling private citizens to vindicate these Federal rights.'" *Donnell v. United States*, 682 F.2d 240, 245 (D.C. Cir. 1982) (quoting S. Rep. No. 94-295 at 40 (1975), 1975 U.S.C.C.A.N. at 774, 807).

As the Fourth Circuit has held, "[i]n light of Section 1988's language and purpose, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Lefemine v. Wideman*, 758 F.3d 551, 555 (4th Cir. 2014) (quotations, citations, and alterations omitted).

I. **Plaintiffs Are Entitled to the Requested Attorneys' Fees and Costs.**

   A. **Plaintiffs Are Prevailing Parties.**

The Supreme Court has held that civil rights parties are prevailing parties "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought." *Texas State Teachers Ass'n. v. Garland Indep. Sch. Dist.,* 489 U.S. 782, 789 (1989) (quotation marks omitted); *Hanrahan v. Hampton*, 446 U.S. 754, 756-58 (1980). Plaintiffs here succeeded on *every* significant issue in litigation: the marriage ban has been struck as unconstitutional, and Defendants' motions to dismiss and for summary judgment (raising various merits and procedural arguments) were denied. Plaintiffs are clearly the prevailing parties in this case.

   B. **Plaintiffs' Fees are Reasonable.**

The only remaining question is whether the fees sought are reasonable. As explained below, the fees, expenses, and costs that Plaintiffs seek are reasonable for litigation of this type and scope.

An award of attorneys' fees is calculated using the lodestar method, which is determined by multiplying "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar "is presumed to be the reasonable fee," *Blum*, 465 U.S. at 897; *accord People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996), and "includes most, if not all, of the relevant factors constituting a reasonable attorneys' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566 (1986), *supplemented by* 487 U.S. 711 (1987); *see also Ohio Valley Environmental Coalition v. Hurst*, No. 3:03-cv-2281, 2011 WL 3563295, at *10 (S.D. W.Va. Aug. 11, 2011).

Two issues are addressed below demonstrating the reasonableness of Plaintiffs' requested fees: 1) the reasonable number of hours expended by Plaintiffs' attorneys to litigate this case; and 2) the hourly rates sought by Plaintiffs' counsel. As explained further below, both the hours incurred and the rates charged were reasonable for a case of this nature.

### 1. Plaintiffs Seek Compensation For A Reasonable Number of Hours.

As the Court noted, this case is "one of many proceeding through the federal courts to challenge same-sex marriage bans in the wake of the United States Supreme Court decision in Windsor, decided just over one year ago." (Doc. 140, slip op. at 1). This case involved a "fundamental right"—the right given to every individual to exercise choice in the "important relationship" of marriage. (*Id.* at 2.)

Plaintiffs thus appropriately hired experienced attorneys who have substantial experience in civil rights cases, including gay and lesbian rights. Declaration of Paul M. Smith ("Smith Decl.") ¶ 2 (attached hereto as Exhibit A). For example, Plaintiffs' attorneys in this case have represented clients in numerous prior suits challenging the constitutionality of same-sex marriage

5

bans.[1] Mr. Smith has extensive litigation experience, having argued fifteen cases in the United States Supreme Court, including the landmark gay rights case of *Lawrence v. Texas*, 539 U.S. 558. *See* Smith Decl. ¶ 3. Lambda Legal was party counsel in *Romer v. Evans*, 517 U.S. 620 (1996), and *Lawrence v. Texas*, 539 U.S. 558 (2003), and *amicus* in *United States v. Windsor*, 133 S. Ct. 2675 (2013), the leading Supreme Court cases redressing sexual orientation discrimination. *See* Declaration of Camilla B. Taylor ("Taylor Decl.") ¶ 2 & n.1 (attached hereto as Exhibit C).

The extensive experience of Plaintiffs' counsel, particularly in cases challenging discrimination against gay and lesbian clients, made them well-suited to these responsibilities.

---

[1] *See, e.g., Sevcik v. Sandoval*, __F.3d __, No. 12-17668, 2014 WL 4977682 (9th Cir. Nov. 6, 2014) (holding Nevada's marriage ban unconstitutional); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir. 2014) (holding Indiana marriage ban unconstitutional), *Bostic v. Schaeffer*, 760 F.3d 352 (4th Cir. 2014) (counsel for intervening appellee class of Virginia same-sex couples) (holding Virginia marriage ban unconstitutional), *cert. denied sub nom. Rainey v. Bostic*, 190 L. Ed. 2d 140 (2014), *sub nom. Schaefer v. Bostic*, 190 L. Ed. 2d 140 (2014), and *sub nom. McQuigg v. Bostic*, 190 L. Ed. 2d 140 (2014); *Henry v. Hodges*, 14 F.Supp.3d 1036 (S.D. Ohio 2014) (invalidating Ohio's ban on recognition of same-sex couples' out-of-state marriages), *rev'd sub nom DeBoer v. Snyder*, __F.3d__, No. 14-3464, 2014 WL 5748990 (6th Cir. 2014), *cert petition pending*; *Condon v. Haley*, __F.Supp.3d __, No. 2:14–4010–RMG, 2014 WL 5897175 (D.S.C. Nov. 12, 2014) (holding South Carolina's marriage ban unconstitutional), *appeal pending*; *Conde-Vidal v. Garcia Padilla*, __F.Supp.3d__, No. 3:14-cv-01253-PG, 2014 WL 5361987 (D.P.R. Oct. 21, 2014) (challenging Puerto Rico's marriage ban), *appeal pending*; *Majors v. Horne,* 14 F.Supp.3d 1313 (D. Ariz. 2014) (holding Arizona's marriage ban unconstitutional); *Robicheaux v. Caldwell*, 2 F.Supp.3d 910 (E.D. La. 2014), *appeal and cert petition pending*; *Lee v. Orr*, 13-cv-8719, 2014 WL 683680 (N.D. Ill. Feb. 21, 2014) (holding Illinois' marriage ban unconstitutional); *Gray v. Orr*, No. 13 C 8449, 2013 WL 6355918 (N.D. Ill. Dec. 5, 2013) (granting temporary restraining order to permit same-sex couple to marry); *Garden State Equal. v. Dow*, 82 A.3d 336 (N.J. Super. Ct. Law Div. 2013) (holding New Jersey's marriage ban unconstitutional); *Varnum v. Brien*, 763 N.W. 2d 862 (Iowa 2009) (holding Iowa's marriage ban unconstitutional)*; In re Marriage Cases*, 183 P.3d 384 (Cal. 2008) (holding California's marriage ban unconstitutional); *Baehr v. Lewin,* 852 P.2d 44 (Haw. 1993) (finding Hawaii marriage ban discriminated based on sex); *Darby v. Orr,* No. 12-CH-19718 (Ill. Cir. Ct., Cook Cnty. Sept. 27, 2013) (challenging Illinois' marriage ban); *Inniss v. Aderhold,* No. 1:14-cv-01180-WSD (N.D. Ga. filed Apr. 22, 2014) (challenging Georgia's marriage ban); *Jorgensen v. Dalrymple,* No. 3:14-cv-00058-RRE-KKK (D. N.D. filed Jun. 9, 2014) (challenging North Dakota's marriage ban).

Given the importance of the issues presented in this case, and the fact that Plaintiffs' lawyers had handled similar cases in the past (and thus could perform their duties more efficiently than counsel with less experience in this area of law), Plaintiffs were quite reasonable in retaining attorneys from Lambda Legal and Jenner & Block to advance their interests throughout the course of this litigation.

Plaintiffs' lawyers also leanly staffed this case, working to avoid duplication of effort and using attorneys with appropriate levels of experience to handle the various litigation tasks. *See* Smith Decl. ¶¶ 4-8. In order to avoid unnecessary or duplicative work or the inefficient use of resources, responsibilities in this case were allocated among several different attorneys only when necessary, and according to the experience and expertise of each attorney. *See id.* For example, the work required to locate suitable plaintiffs was performed by Lambda Legal, which has considerable expertise in that area, *see* Taylor Decl. ¶¶ 2-3 & n.1; and significant portions of the briefing in this case were performed by Nicholas Tarasen and Trent McCotter, both of whom are junior associates at Jenner & Block, *see* Smith Decl. ¶ 5; and the majority of this motion for fees was prepared by Mr. McCotter, *see id.*

Plaintiffs' attorneys are seeking compensation for the hours and legal work listed in the time sheets and invoices attached to the Declaration of Paul M. Smith, Affidavit of John H. Tinney, Jr. ("Tinney Aff.") (attached hereto as Exhibit B), Declaration of Camilla B. Taylor, Declaration of Karen L. Loewy ("Loewy Decl.") (attached hereto as Exhibit D), Affidavit of Elizabeth Littrell ("Littrell Aff.") (attached hereto as Exhibit E). As noted above, these fees pertain to work performed by Plaintiffs' attorneys throughout the course of this intensive litigation, which included, among other things: preparing and filing a motion for summary judgment; responding to Defendants' motions to dismiss and motions for summary judgment;

7

attending a scheduling conference; preparing and filing briefs on the issue of staying the case pending *Bostic*; and ultimately obtaining a favorable final judgment.

Based on contemporaneous time records, Plaintiffs' attorneys and paralegal and legal support staff spent the following hours working on this case (as verified and substantiated in detail in the attached Declarations and Affidavits of Smith, Tinney, Taylor, Loewy, and Littrell):[2]

| ATTORNEY | HOURS |
|---|---|
| Paul M. Smith | 22.5 |
| Lindsay C. Harrison | 91.25 |
| R. Trent McCotter | 95.75 |
| Nicholas W. Tarasen | 147.75 |
| | |
| John H. Tinney, Jr. | 92.9 |
| James K. Tinney | 25.6 |
| Heather Foster Kittredge | 52 |
| John K. Cecil | 0.4 |
| | |
| Camilla B. Taylor | 155.2 |
| Karen L. Loewy | 118.1 |
| Elizabeth L. Littrell | 157.7 |

| NON-ATTORNEY STAFF | HOURS |
|---|---|
| Cheryl Olson (paralegal) | 13.5 |
| Nodgie P. Kennedy (paralegal) | 60.6 |

---

[2] Expenses incurred for paralegal services are recoverable. *See Missouri v. Jenkins*, 491 U.S. 274, 289 (1989). Delegating appropriate tasks to paralegals reduces the overall costs of civil rights litigation. *Id.* at 288. Also, time spent preparing and defending a fee petition is compensable under 42 U.S.C. § 1988. *See Ganey v. Garrison*, 813 F.2d 650, 652 (4th Cir. 1987).

Plaintiffs' attorneys have reviewed the time records summarized above and reprinted in the Attachments to their Declarations. These records show sound and reasonable billing judgment. For example, Plaintiffs' counsel often excluded considerable time for which their firms did not feel it was appropriate to bill during the course of the litigation, and also excluded additional hours to ensure that compensation is not sought for work that might be deemed as properly excluded from a court-ordered fee award. *See* Smith Decl. ¶ 8; Tinney Aff. ¶ 4; Taylor Decl. ¶ 7; Loewy Decl. ¶ 7; Littrell Aff. ¶ 4. For example, as shown by the "Requested Amount" column in Exhibit A-2, travel time and duplicate time entries for conference calls were often eliminated. Smith Decl. ¶ 8. Plaintiffs' counsel also do not seek any fee enhancement above the lodestar method despite their considerable expertise and experience in this area.

### 2. Plaintiffs Seek Reasonable Hourly Rates For Their Attorneys.

The hourly rate included in an attorney's fee calculation must also be reasonable. *See Rum Creek Coal Sales, Inc v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994). "This requirement is met by compensating attorneys at the prevailing market rates in the relevant community." *Id.*

In cases that require only a "relatively straightforward procedural analysis," the relevant community will be the one in which the court sits. *Allen v. Monsanto Co.*, No. 2:05-cv-0578, 2007 WL 1859046, at *2 (S.D. W.Va. June 26, 2007). However, "[i]n circumstances where it is reasonable to retain attorneys from other communities, . . . the rates in those communities may also be considered." *Rum Creek*, 31 F.3d at 175.

Given the formidable task of seeking to have the marriage ban struck down as unconstitutional—which was certainly not a "relatively straightforward procedural analysis," as shown by the bevy of arguments made in Defendants' motions to dismiss and for summary judgment—it was reasonable for Plaintiffs to seek outside counsel with considerable experience

9

handling suits alleging discrimination based on gender and sexual orientation, as well as violations of fundamental rights.

The hourly rates sought by Plaintiffs' attorneys (from Jenner & Block, Lambda Legal, and The Tinney Law Firm), as well as their paralegal/legal support staff, reflect their years of practice, litigation experience, expertise. We explain below for each attorney the exceptionally high level of experience and expertise justifying their hourly rates.

### JENNER & BLOCK

The hourly rates established by the "Laffey Matrix" (attached hereto as Exhibit F) are customarily used by courts in the District of Columbia to determine the reasonable rates for attorneys located in Washington, D.C. *See Harvey v. Mohammed*, 951 F. Supp. 2d 47, 54 (D.D.C. 2013) ("To determine reasonable hourly rates, it is customary in this District to apply the Laffey Matrix . . . ."); *McDowell v. D.C.*, Civ. A. No. 00-594 (RCL), 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); *Salazar v. D.C.*, 123 F. Supp. 2d 8 (D.D.C. 2000). Accordingly, the Laffey Matrix rates have been used below as the reasonable hourly rates for the Jenner & Block attorneys, all of whom are located in Washington, D.C. Oftentimes, the Laffey Matrix rates were substantially lower than the actual rates that the Jenner attorneys would charge their clients for similar work. However, Jenner attorneys here request only the lower Laffey Matrix rates because they are customarily deemed reasonable for Washington attorneys (and accepted by the federal government when it is responding to fee petitions without any further showing).

**Paul M. Smith**

Jenner & Block attorney Paul M. Smith graduated from Yale Law School in 1979, where he served as Editor in Chief of the Yale Law Journal. Upon graduation from law school, he clerked for Judge James L. Oakes, U.S. Court of Appeals, Second Circuit, and Supreme Court

Justice Lewis F. Powell, Jr. Mr. Smith is Chair of the firm's Appellate and Supreme Court Practice and Co-Chair of the Media and First Amendment, and Election Law and Redistricting Practices. He has had an active Supreme Court practice for nearly three decades, including oral arguments in fifteen Supreme Court cases involving matters ranging from free speech and civil rights to civil procedure. Among his important victories has been *Lawrence v. Texas*, the landmark gay rights case, and *Brown v. Entertainment Merchants Ass'n*, establishing the First Amendment rights of those who produce and sell video games.

Chambers USA has repeatedly named Mr. Smith one of the country's leading lawyers in appellate litigation, media and entertainment law, and First Amendment litigation for multiple years. In 2010, Washingtonian magazine recognized him as one of "Washington's Top Lawyers," Washington DC Super Lawyer named him one of the "Top 10 Lawyers in D.C.," and *The National Law Journal* named him one of the "Decade's Most Influential Lawyers." *Best Lawyers* named him the Washington DC First Amendment Lawyer of the Year for 2012. Mr. Smith was awarded the Thurgood Marshall Award from the American Bar Association Section of Individual Rights and Responsibilities for his work promoting civil rights and civil liberties. He is AV Peer Review Rated, Martindale-Hubbell's highest peer recognition for ethical standards and legal ability.

### Lindsay C. Harrison

Ms. Harrison graduated *cum laude* from Harvard Law School in 2003, where she served as Articles Editor for the Harvard Civil Rights-Civil Liberties Law Review and was voted Best Oralist at the Ames Moot Court Competition. She clerked for the Honorable Alan S. Gold, U.S. District Court, Southern District of Florida; and for the Honorable Rosemary Barkett, Court of Appeals, Eleventh Circuit. Ms. Harrison, a partner at Jenner & Block, concentrates her practice

in appellate and Supreme Court matters. She has significant experience briefing and arguing matters before both federal and state appellate courts and has filed numerous merits and amicus briefs with the United States Supreme Court. Ms. Harrison also presented a successful argument before the Supreme Court in the landmark immigration case of *Nken v. Holder*, 129 S. Ct. 1749 (2009). Ms. Harrison's practice also focuses on issues involving gender and sexual orientation discrimination. For example, she has filed significant amicus briefs in cases such as *Flores-Villar v. United States*, No. 09-5801 (S. Ct. 2010), which involved an equal protection challenge to gender discrimination in citizenship laws. For her work, Ms. Harrison has been named by *The National Law Journal* as one of forty "game-changing lawyers age 40 and under" who are "leaders in the law," and was named by the National LGBT Bar Association in 2012 as one of the best LGBT Lawyers Under 40.

## THE TINNEY LAW FIRM

For The Tinney Law Firm attorneys, who are located in West Virginia, the determination of reasonable rates is "best guided by what [those] attorneys earn from paying clients for similar services in similar circumstances." *Rum Creek*, 31 F.3d at 175 (quotations omitted); *see also Fogle v. William Chevrolet/Geo, Inc.* 275 F.3d 613, 615 (7th Cir. 2001) ("The best evidence of the lawyer's quality is the fee he commands in the market."). In other words, "market rates may be proved by the rate which clients normally and willingly pay the petitioning attorneys." *Rum Creek*, 31 F.3d at 175. Accordingly, the actual rates charged by The Tinney Law Firm attorneys are used below as their reasonable rates. *See* Tinney Aff. ¶¶ 3-4. Additionally, an affidavit from Michael O. Callaghan, Esq., has been attached as further support of the reasonableness of the requested rates. *See* Affidavit of Michael O. Callaghan (attached hereto as Exhibit G).

**John H. Tinney, Jr.**

Mr. Tinney graduated in 1995 from Wake Forest University School of Law, where he was a recipient of the Bennett Liverman Scholarship. He was then in private practice for three years before serving as a law clerk to the Honorable Robert B. King, United States Court of Appeals, Fourth Circuit. He then joined the United States Attorney's Office for the Southern District of West Virginia, where he was an Assistant United States Attorney. While there, he prosecuted a variety of cases and represented the United States at the Fourth Circuit.

After spending almost three years at the United States Attorney's Office, Mr. Tinney returned to private practice at The Tinney Law Firm in Charleston, where he has represented diverse clients in both state and federal courts. For example, he has represented companies like Ernst & Young and Schering Plough, Inc., and he also defended the Supreme Court of Appeals of West Virginia in constitutional challenges to the court's trial court rules and recusal proceedings. He has been a member of the Judge John A. Field American Inns of Court since 2002 and is also a member of the Federal Bar Association, Defense Research Institute, and West Virginia Defense Trial Counsel.

## LAMBDA LEGAL

Lambda Legal is the nation's oldest and largest legal organization committed to achieving full recognition of the civil rights of lesbian, gay, bisexual, and transgender people and those living with HIV through impact litigation, education, and public policy work. Lambda Legal is a 501(c)(3) public interest law firm that does not charge its clients, but relies in part upon fees awarded by the courts. Legal services and other non-profit organizations are entitled to have § 1988 fee awards computed on the basis of reasonable market rates even if lower salaries are paid to the organization's attorneys. *Blum v. Stenson*, 465 U.S. 886, 895 (1984);

*accord Washington v. Seattle School Dist.*, 458 U.S. 457 n.37 (1982). The rates requested by Lambda Legal attorneys (between $300 and $350, depending on experience, *see* Taylor Decl. ¶ 6 & n.2; Loewy Decl. ¶ 6 & n.2; Littrell Aff. ¶ 3) are well within the range of fees awarded in this jurisdiction, and significantly below the market rates for civil rights lawyers with comparable experience, ability, and reputation. *See, e.g., Stiltner v. Cabell County Comm'n*, No. 3:13–cv–07513, 2014 WL 1330206 (S.D. W. Va. Apr. 1, 2014); *Gibson v. City of Chicago,* 873 F.Supp.2d 973 (N.D. Ill. 2012); *Torres v. Gristede's Operating Corp.*, 2012 U.S. Dist. LEXIS 127890, 10 (S.D.N.Y. Aug. 6, 2012).

**Camilla B. Taylor**

Ms. Taylor received her law degree from Columbia Law School in 1996 and her bachelor's degree from Yale College in 1993. She has been admitted to practice law in New York since 1997 and in Illinois since 2004. After working as a litigation associate with Shearman & Sterling LLP in New York City and as an attorney with the Criminal Appeals Bureau of the Legal Aid Society of New York City, Ms. Taylor joined Lambda Legal in July, 2002. Ms. Taylor was promoted to National Marriage Project Director for Lambda Legal in the spring of 2010. Ms. Taylor has extensive expertise briefing and arguing cases before both state and federal trial and appellate courts in cases challenging the constitutionality of marital exclusions around the country, including *Baskin*, 766 F.3d 648, *Lee*, 2014 WL 683680 (N.D. Ill. Feb. 21, 2014), *Garden State Equal.*, 82 A.3d 336, and *Gartner v. Iowa Dep't of Public Health*, 830 N.W.2d 335 (Iowa 2013), to name just a few. Recently, Ms. Taylor argued *Baskin, supra,* 766 F.3d 648, before the district court and Seventh Circuit Court of Appeals, which resulted in a decision authored by Judge Posner striking down Indiana's marriage ban. She was lead counsel in *Varnum*, 763 N.W. 2d 862, in which the Iowa Supreme Court unanimously struck down

Iowa's marriage ban in April, 2009, making Iowa the third state in the nation to permit same-sex couples to marry.

Ms. Taylor is an adjunct professor at Northwestern University School of Law, and serves on the American Constitution Society Chicago Chapter Board of Advisors. Recognition for her work includes the Columbia Law School Distinguished Graduate in the Public Interest award (2012), the American Constitution Society Ruth Goldman Award (2012), and *Crain's Chicago Business*' "40 under 40" (2009), among others.

### a. Plaintiffs' Attorneys' Hourly Rates

| ATTORNEY | RATE |
| --- | --- |
| Paul M. Smith (9/10/2013-5/31/14) | $771 |
| Paul M. Smith (6/1/2014-12/2/14) | $789 |
| Lindsay C. Harrison (9/10/2013-5/31/14) | $567 |
| Lindsay C. Harrison (6/1/2014-12/2/14) | $655 |
| R. Trent McCotter (9/10/2013-5/31/14) | $320 |
| R. Trent McCotter (6/1/2014-12/2/14) | $328 |
| Nicholas W. Tarasen (9/10/2013-5/31/14) | $320 |
| Nicholas W. Tarasen (6/1/2014-12/2/14) | $328 |
| | |
| John H. Tinney, Jr. | $300 |
| James K. Tinney | $240 |
| Heather Foster Kittredge | $225 |
| John K. Cecil | $205 |
| | |
| Camilla B. Taylor | $350 |
| Karen L. Loewy | $325 |
| Elizabeth L. Littrell | $300 |

| NON-ATTORNEY STAFF | RATE |
| --- | --- |
| Cheryl Olson | $175 |
| Nodgie P. Kennedy | $100 |

### b. Plaintiffs' Fee Award Should Equal $342,576.25

Multiplying the time worked by each attorney by the hourly rates for each year yields the following calculation:

| ATTORNEY | HOURS | RATE | TOTAL |
|---|---|---|---|
| Paul M. Smith (9/10/2013-5/31/14) | 18 | $771 | $13,878.00 |
| Paul M. Smith (6/1/2014-12/2/14) | 4.5 | $789 | $3,550.50 |
| Lindsay C. Harrison (9/10/2013-5/31/14) | 79 | $567 | $44,793.00 |
| Lindsay C. Harrison (6/1/2014-12/2/14) | 12.25 | $655 | $8,023.75 |
| R. Trent McCotter (9/10/2013-5/31/14) | 85 | $320 | $27,200.00 |
| R. Trent McCotter (6/1/2014-12/2/14) | 10.75 | $328 | $3,526.00 |
| Nicholas W. Tarasen (9/10/2013-5/31/14) | 136 | $320 | $43,520.00 |
| Nicholas W. Tarasen (6/1/2014-12/2/14) | 11.75 | $328 | $3,854.00 |
| John H. Tinney, Jr. | 92.9 | $300 | $27,870.00 |
| James K. Tinney | 25.6 | $240 | $6,144.00 |
| Heather Foster Kittredge | 52 | $225 | $11,700.00 |
| John K. Cecil | 0.4 | $205 | $82.00 |
| Camilla B. Taylor | 155.2 | $350 | $54,320.00 |
| Karen L. Loewy | 118.1 | $325 | $38,382.50 |
| Elizabeth L. Littrell | 157.7 | $300 | $47,310.00 |

| NON-ATTORNEY STAFF | HOURS | RATE | TOTAL |
|---|---|---|---|
| Cheryl Olson | 13.5 | $175 | $2,362.50 |
| Nodgie P. Kennedy | 60.6 | $100 | $6,060.00 |

ATTORNEYS' FEES SUBTOTAL: **$342,576.25**

### C. Plaintiffs are Entitled to the Requested Expenses and Costs

With regard to expenses and costs, the invoices attached to the Tinney and Taylor Declarations detail the out-of-pocket expenses incurred. *See* Tinney Aff. ¶ 4; Taylor Decl. ¶ 8.[3] These expenses were necessarily incurred and are the type of out-of-pocket expenses normally billed to fee-paying clients. As such, they are recoverable as part of Plaintiffs' attorneys' fees. *See West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87 n.3 (1991). These "costs" are recoverable as defined by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d), as well as other disbursements that were billed to and paid by Plaintiffs as a component of attorneys' fees.

It is also appropriate to require Defendants to reimburse Plaintiffs' attorneys for reasonable costs. A reasonable attorneys fee includes "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir.1988). Here, Plaintiffs' counsel have included in the supporting affidavits a detailed accounting requesting compensation for such out of pocket expenses as travel, exhibit preparation, copies, postage, deposition costs, printing costs, and the like. These are the sorts of expenses generally charged to a fee paying client and should be reimbursed fully.

Plaintiffs seek reimbursement for the following costs (detailed in the attached Declarations): John H. Tinney, Jr.: $896.35, *see* Tinney Aff. ¶ 4 & Ex. 1; Camilla B. Taylor: $6,783.59, *see* Taylor Decl. ¶ 8 & Ex. 2. The total out-of-pocket expenses requested is $7,679.94.

---

[3] Jenner attorneys are not seeking reimbursement of their expenses, *see* Smith Decl. ¶ 14, and the Lambda Legal attorneys are not seeking reimbursement of the hours spent by their legal assistants, *see* Taylor Decl. ¶ 7.

17

## CONCLUSION

Plaintiffs are the prevailing parties in this litigation and as such are entitled to their attorneys' fees and costs. The attorneys' fees sought here are reasonable and not excessive. They are consistent with those rates normally charged by Plaintiffs' attorneys to their fee-paying clients for the type of work in question, and they are within the prevailing market rate charged by attorneys of comparable experience and expertise. Likewise, the expenses and costs sought here are due to be recovered as they were necessarily incurred during the course of the lawsuit as out-of-pocket expenses, and are of the same type as those ordinarily charged to clients by counsel.

Accordingly, for the reasons set forth above, this Court should award Plaintiffs the attorneys' fees, litigation expenses, and costs as requested.

Dated: December 2, 2014

Respectfully submitted,

CASIE JO MCGEE and SARAH ELIZABETH ADKINS, et al.

By Counsel:

    /s/ John H. Tinney, Jr.

THE TINNEY LAW FIRM, PLLC

THE TINNEY LAW FIRM, PLLC
John H. Tinney, Jr. (WVSB #6970)
Heather Foster Kittredge (WVSB #8543)
PO Box 3752
Charleston, West Virginia 25337-3752
Phone: (304) 720-3310
Fax: (304) 720-3315
JackTinney@tinneylawfirm.com
HKittredge@tinneylawfirm.com

Camilla B. Taylor (*pro hac vice*)
105 West Adams, 26th Floor

Chicago, Illinois 60603-6208
Phone: (312) 663-4413
Fax: (312) 663-4307
ctaylor@lambdalegal.org

Elizabeth L. Littrell (*pro hac vice*)
730 Peachtree Street, NE
Suite 1070
Atlanta, Georgia 30308-1210
Phone: (404) 897-1880
Fax: (404) 897-1884
blittrell@lambdalegal.org

Karen L. Loewy (*pro hac vice*)
120 Wall Street, 19th Floor
New York, New York 10005-3904
Phone: (212) 809-8585
Fax: (212) 809-0055
kloewy@lambdalegal.org

JENNER & BLOCK LLP
Paul M. Smith (*pro hac vice*)
Lindsay C. Harrison (*pro hac vice*)
Luke C. Platzer (*pro hac vice*)
R. Trent McCotter (*pro hac vice*)
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone: (202) 639-6000
Fax: (202) 639-6006
psmith@jenner.com
lharrison@jenner.com
lplatzer@jenner.com
rmccotter@jenner.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 2nd day of December 2014, I electronically filed the foregoing memorandum with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Elbert Lin, Esquire
Julie Ann Warren, Esquire
Julie Marie Blake, Esquire
Office of the Attorney General
State Capitol Building 1, Room E-26
Charleston, WV 25305
*Counsel for Defendant-Intervenor State of West Virginia*

Charles R. Bailey, Esquire
Michael W. Taylor, Esquire
Bailey & Wyant, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, WV 25337-3710
*Counsel for Defendant Vera J McCormick*

Lee Murray Hall, Esquire
Sarah A. Walling, Esquire
Jenkins Fenstermaker, PLLC
325 Eight Street
Huntington, WV 25701-2225
*Counsel for Defendant Karen S. Cole*

                                                  /s/ John H. Tinney, Jr.
                                                  John H. Tinney, Jr.
                                                  *Counsel for Plaintiffs*