# EXHIBIT D

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

| | |
|---|---|
| CASIE JO MCGEE and SARAH ELIZABETH ADKINS; JUSTIN MURDOCK and WILLIAM GLAVARIS; and NANCY ELIZABETH MICHAEL and JANE LOUISE FENTON, individually and as next friends of A.S.M., a minor child;<br><br>*Plaintiffs,*<br><br>v.<br><br>KAREN S. COLE, in her official capacity as CABEL COUNTY CLERK; and VERA J. MCCORMICK, in her official capacity as KANAWHA COUNTY CLERK;<br><br>*Defendants,*<br><br>and<br><br>STATE OF WEST VIRGINIA;<br><br>*Defendant-Intervenor.* | No. 3:13-cv-24068<br><br>Hon. Robert Chambers |

### DECLARATION OF KAREN L. LOEWY

I, KAREN L. LOEWY, after being duly sworn, hereby declare as follows:

1. I am one of the lawyers for the Plaintiffs in the above-captioned case. I am a Senior Attorney for Lambda Legal Defense and Education Fund, Inc. ("Lambda Legal"). I am legally competent to make this affidavit and have personal knowledge of the facts set forth herein. The testimony set forth in this Declaration is based on first-hand knowledge, about which

1

I could and would testify competently in open Court if called upon to do so. This Declaration is submitted in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses.

2. Lambda Legal is the nation's oldest and largest legal organization committed to achieving full recognition of the civil rights of lesbian, gay, bisexual, and transgender ("LGBT") people and those living with HIV through impact litigation, education, and public policy work. Lambda Legal has been party counsel in numerous challenges to state laws banning same-sex couples from marriage.[1] Lambda Legal also was party counsel in *Romer v. Evans*, 517 U.S. 620 (1996), and *Lawrence v. Texas*, 539 U.S. 558 (2003), and *amicus* in *United States v. Windsor*, 133 S. Ct. 2675 (2013), the leading Supreme Court cases redressing discrimination against

---

[1] *See, e.g., Sevcik v. Sandoval,* __F.3d __, No. 12-17668, 2014 WL 4977682 (9th Cir. Nov. 6, 2014) (holding Nevada's marriage ban unconstitutional); *Baskin v. Bogan*, 766 F.3d 648 (7th Cir.) (holding Indiana marriage ban unconstitutional), *cert denied*, 190 L. Ed. 2d 142 (2014); *Bostic v. Schaeffer*, 760 F.3d 352 (4th Cir.) (counsel for intervening appellee class of Virginia same-sex couples) (holding Virginia marriage ban unconstitutional), *cert. denied sub nom. Rainey v. Bostic*, 190 L. Ed. 2d 140 (2014), *sub nom. Schaefer v. Bostic*, 190 L. Ed. 2d 140 (2014), and *sub nom. McQuigg v. Bostic*, 190 L. Ed. 2d 140 (2014); *Henry v. Hodges*, 14 F.Supp.3d 1036 (S.D. Ohio) (invalidating Ohio's ban on recognition of same-sex couples' out-of-state marriages), *rev'd sub nom DeBoer v. Snyder,* __F.3d__, No. 14-3464, 2014 WL 5748990 (6th Cir. 2014), *cert petition pending*; *Condon v. Haley,* __F.Supp.3d __, No. 2:14–4010–RMG, 2014 WL 5897175 (D. S.C. Nov. 12, 2014) (holding South Carolina's marriage ban unconstitutional), *appeal pending*; *Conde-Vidal v. Garcia Padilla,* __F.Supp.3d__, No. 3:14-cv-01253-PG, 2014 WL 5361987 (D. P.R. Oct. 21, 2014) (challenging Puerto Rico's marriage ban), *appeal pending*; *Majors v. Horne,* 14 F.Supp.3d 1313 (D. Ariz. 2014) (holding Arizona's marriage ban unconstitutional); *Robicheaux v. Caldwell*, 2 F.Supp.3d 910 (E.D. La. 2014), *appeal and cert petition pending*; *Lee v. Orr*, 13-cv-8719, 2014 WL 683680 (N.D. Ill. Feb. 21, 2014) (holding Illinois' marriage ban unconstitutional); *Gray v. Orr*, No. 13 C 8449, 2013 WL 6355918 (N.D. Ill. Dec. 5, 2013) (granting temporary restraining order to permit same-sex couple to marry); *Garden State Equal. v. Dow*, 82 A.3d 336 (N.J. Super. Ct. Law Div. 2013) (holding New Jersey's marriage ban unconstitutional); *Varnum v. Brien*, 763 N.W. 2d 862 (Iowa 2009) (holding Iowa's marriage ban unconstitutional); *In re Marriage Cases*, 183 P.3d 384 (Cal. 2008) (holding California's marriage ban unconstitutional); *Baehr v. Lewin*, 852 P.2d 44 (Haw. 1993) (finding Hawaii marriage ban discriminated based on sex); *Darby v. Orr,* No. 12-CH-19718 (Ill. Cir. Ct., Cook Cnty. Sept. 27, 2013) (challenging Illinois' marriage ban); *Inniss v. Aderhold,* No. 1:14-cv-01180-WSD (N.D. Ga. filed Apr. 22, 2014) (challenging Georgia's marriage ban); *Jorgensen v. Dalrymple,* No. 3:14-cv-00058-RRE-KKK (D. N.D. filed Jun. 9, 2014) (challenging North Dakota's marriage ban).

lesbian and gay people. Lambda Legal is a 501(c)(3) public interest law firm that does not charge its clients, but relies in part upon fees awarded by the courts in the civil rights litigation it brings.

3. Lambda Legal worked closely with West Virginia co-counsel, The Tinney Law Firm PLLC, and Jenner & Block LLP to bring this litigation seeking a declaration that West Virginia laws excluding lesbian and gay couples from marriage are unconstitutional, and injunctive relief permitting same-sex couples to marry. Lambda Legal's role in this litigation was essential given its unique and highly specialized expertise in constitutional advocacy on behalf of lesbian and gay people, and in particular, in litigation challenging the constitutionality of exclusions from marriage.

4. I have been a lawyer with Lambda Legal since February 2013. Prior to joining Lambda Legal, I was a lawyer with Gay & Lesbian Advocates & Defenders (GLAD), a New England-wide organization with a similar mission to Lambda Legal's, for eleven years. I have spent my entire legal career working to secure the civil rights of LGBT people. I have been party counsel in numerous cases successfully challenging the constitutionality of marital exclusions around the country, including *Goodridge v. Dep't of Pub. Health*, 798 N.E.2d 941 (Mass. 2003), and *Kerrigan v. Comm'r of Pub. Health*, 957 A.2d 407 (Conn. 2008), and I have extensive expertise in briefing such cases. I have also served as party or amicus counsel in a host of cases challenging unequal treatment of same-sex couples and their children, including *In re Guardianship of Madelyn B.*, 98 A.3d 494 (N.H. 2014) (non-birth mother who welcomed child into home and held out as her own presumed to be a legal parent); *Hunter v. Rose*, 975 N.E.2d 857 (Mass. 2012) (child born to couple in registered domestic partnership is legal child of both partners); *Elia-Warnken v. Elia*, 972 N.E.2d 17 (Mass. 2012) (marriage entered by man with undissolved civil union is void ab initio); *Miller-Jenkins v. Miller-Jenkins*, 912 A.2d 951 (Vt.

3

2006) (child born into civil union is legal child of both partners). I have developed numerous publications and presented at countless symposia and CLEs on issues affecting same-sex couples and their children, the constitutional issues raised by their exclusion from marriage, and the remaining discrimination encountered by couples even after they have been able to secure their legal relationships in marriage.

5.  I received my law degree from Fordham University School of Law (2000) and my bachelor's degree from Brandeis University (1996). I have been admitted to practice law in Massachusetts since 2001 and in New York since 2013. In recognition for my commitment to public service, I received the Stein Scholars for Public Law and Interest Alumni Award (2006), and I was recognized as a "Rising Star" in the Massachusetts legal community from 2005-2008.

6.  I am requesting an hourly rate of $325.00 per hour for the time spent on this case. This fee is below the market rate for a civil rights lawyer with my experience, ability, and reputation.[2] Additionally, this fee is reasonable given the time and labor expended, the novelty and difficulty of the questions raised, the skill required to perform properly the legal services rendered, the customary fee for like work, the results obtained, the undesirability of the case

---

[2] *See, e.g., Torres v. Gristede's Operating Corp.*, 2012 U.S. Dist. LEXIS 127890, 10 (S.D.N.Y. Aug. 6, 2012) (noting consistent case law in the district that "rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time;" setting rate of $450 for 2001 law school graduates); *Stiltner v. Cabell County Comm'n*, No. 3:13–cv–07513, 2014 WL 1330206 (S.D. W. Va. Apr. 1, 2014) (attorney awarded hourly rate of $325 for preparing and prosecuting a "routine discovery motion" because attorney had "practiced a number of years," operated a small boutique law firm, personally performed the tasks for which reimbursement was sought, and because of lack of objection by Defendants). Legal services and other non-profit organizations are entitled to have § 1988 fee awards computed on the basis of reasonable market rates even if lower salaries are paid to the organization's attorneys. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). *Accord Washington v. Seattle School Dist.*, 458 U.S. 457 n.37 (1982).

4

within the legal community in which the suit arose, and fee awards in similar cases. *See Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir.2009).

7.  Attached as Exhibit 1 is a true and correct compilation of my time records for services performed in this case. These entries itemize the time actually spent and the tasks performed. However, in certain instances where entries appeared inefficient or duplicative of the work performed by other attorneys, I exercised my judgment to reduce or eliminate the fees sought to ensure that the amount requested is appropriate for a Court-ordered fees award. It is my opinion that the amount of billable time and expenses described represent a reasonably frugal use of attorney time and expenses, in light of the issues presented in this case, its factual posture, and the results achieved.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and that this Declaration was prepared in New York, NY, on December 2, 2014.

_____
Karen L. Loewy

5

**EXHIBIT 1**

Case 3:13-cv-24068 Document 146-4 Filed 12/02/14 Page 7 of 11 PageID #: 4735

**United States District Court**
**Southern District of West Virginia (Huntington)**
**CASE #: 3:13-cv-24068, MCGEE ET AL V. COLE ET AL**
**KAREN L. LOEWY**

| Date | time | task | pleading |
|---|---|---|---|
| | | | |
| 7/8/13 | 0.3 | emails re: potential plaintiffs, co-counsel | |
| 7/15/13 | 0.2 | emails re: potential plaintiffs, co-counsel | |
| 7/29/13 | 1.6 | conference with potential co-counsel (1), research re jurisdiction and venue (.4), email with potential plaintiffs (.2) | |
| 7/30/14 | 0.3 | conf with potential plaintiffs | |
| 8/2/13 | 2 | conf with potential plaintiffs | |
| 8/5/13 | 1.5 | conf with potential plaintiffs | |
| 8/7/13 | 1 | conf with potential plaintiffs | |
| 8/13/13 | 1.5 | conf with potential plaintiffs | |
| 8/15/13 | 1.2 | conf with potential plaintiffs | |
| 8/18/14 | 5 | travel to WV | |
| 8/19/13 | 6.5 | met with potential plaintiffs, potential local counsel | |
| 8/20/13 | 12 | met with potential local counsel (2.5), potential plaintiffs (3.5), travel from WV (6) | |
| 8/23/13 | 0.3 | revised | co-counsel agreement |
| 9/16/13 | 1.5 | reviewed, researched clerk's duties, marriage statutes | complaint |
| 9/17/13 | 0.7 | reviewed/revised | complaint |
| 9/18/13 | 0.5 | drafted | PHV motion |
| 9/19/13 | 0.7 | conference concerning case strategy | |
| 9/24/13 | 0.3 | reviewed/revised | complaint |
| 9/25/13 | 1 | conf about case strategy | |

United States District Court
Southern District of West Virginia (Huntington)
CASE #: 3:13-cv-24068, MCGEE ET AL V. COLE ET AL
KAREN L. LOEWY

| Date | time | task | pleading |
|---|---|---|---|
| 9/27/13 | 1.4 | emails and conf with co-counsel to finalize co-counsel agreement, pro hac vice submissions, filing details | |
| 10/2/13 | 0.8 | drafted | notice of const question |
| 10/9/13 | 0.5 | conf re: summary judgment | |
| 10/22/13 | 1.2 | drafted | opp to mot. to extend time to file responsive pleading |
| 10/30/13 | 0.8 | research re: cases on gay parenting in WV, child's constitutional rights | |
| 11/1/13 | 1.2 | reviewed draft, conf to discuss | motion for summary judgment |
| 11/22/13 | 0.2 | reviewed | M to Intervene (WV) |
| 11/26/13 | 0.4 | reviewed | M to Dismiss (McCormick) |
| 11/27/13 | 0.5 | conf about case strategy | |
| 12/9/13 | 1 | reviewed/revised draft | Resp to M to dismiss (McCormick) |
| 12/16/13 | 1.2 | participated in 26(f) conf (.5) and reviewed mtn to dismiss (Cole) (.2) and WV (.5) | M to Dismiss (Cole) |
| 12/17/13 | 0.5 | reviewed/revised plaintiff declarations | |
| 12/19/13 | 2.5 | reviewed/revised Resp to M to Dismiss (2.5) | Opp to M to Dismiss (Cole) |
| 12/20/13 | 1 | reviewed/revised plaintiff declarations (.5), reviewed/revised Opp to M to Dismiss (.5) | Opp to M to Dismiss (Cole) |
| 12/22/13 | 4 | reviewed/revised/drafted MSJ | Plaintiffs' MSJ |
| 12/23/13 | 4 | reviewed/revised/drafted MSJ | Plaintiffs' MSJ |
| 12/25/13 | 2 | revised opp to State's M to Dismiss | Opp to M to Dismiss (WV) |
| 12/26/13 | 1.5 | revised opp to State's M to Dismiss | Opp to M to Dismiss (WV) |
| 12/30/13 | 1 | reviewed Plaintiffs' MSJ (.8); reviewed Reply in Support of MTD (Cole) (.2) | Plaintiffs' MSJ; Reply in Support of MTD (Cole) |
| 12/31/13 | 1 | reviewed MSJ final, WV's M to Stay | M to Stay |
| 1/2/14 | 0.5 | reviewed/revised | draft ntc supplemental authority |

United States District Court
Southern District of West Virginia (Huntington)
CASE #: 3:13-cv-24068, MCGEE ET AL V. COLE ET AL
KAREN L. LOEWY

| Date | time | task | pleading |
|---|---|---|---|
| 1/3/14 | 0.2 | reviewed | M to Strike Supp Auth |
| 1/6/14 | 1 | reviewed/revised | Resp to M to Strike |
| 1/6/14 | 1 | co-counsel discussion | scheduling conf |
| 1/9/14 | 0.4 | reviewed | Reply to Opp to M to Dismiss (WV) |
| 1/13/14 | 0.2 | reviewed | Reply to Opp to M to Strike (Cole) |
| 1/15/14 | 0.5 | reviewed/revised draft initial disclosures | |
| 1/17/14 | 0.2 | reviewed | Order |
| 1/24/14 | 0.1 | reviewed | M to Amnd Deadline to Resp |
| 1/27/14 | 0.3 | reviewed/revised | Opp to M to Amnd Deadline for Responding to MSJ |
| 1/29/14 | 1 | reviewed order on MTDs (.8); email with co-counsel re: responsive submission (.2) | Order |
| 2/1/14 | 1.2 | research re: state registrar (1), email re: responsive submission (.2) | |
| 2/11/14 | 0.8 | reviewed | Resp to Court Order/ Opp M to Dismiss |
| 2/12/14 | 1 | reviewed Resp to Court Order/Opp to MTD (.2), both cross M for SJ (.6) and WV Answer (.2) | M for SJ |
| 2/13/14 | 3.5 | conf about case strategy (1), drafted (2.5) | reply to Opp to MSJ |
| 2/14/14 | 1.2 | reviewed amicus motion (.2), drafted | reply to Opp to MSJ |
| 2/17/14 | 2 | drafted | Sect. V of reply to Opp to MSJ |
| 2/18/14 | 5 | drafted | Sect. V of reply to Opp to MSJ |
| 2/19/14 | 9 | reviewed D's MTD briefing (1.2); drafted | Sect. V of reply to Opp to MSJ |
| 2/20/14 | 6 | drafted/revised | reply to Opp to MSj |
| 2/21/14 | 4.7 | revised | reply to Opp to MSj |
| 2/22/14 | 1.7 | revised | reply to Opp to MSj |
| 2/24/14 | 5 | reviewed/revised Burford reply (1); drafted and revised reply in support of MSJ (4) | Burford reply; reply to Opp to MSJ |
| 2/28/14 | 0.2 | reviewed mtn to file ntc of supp. auth. | |
| 3/3/14 | 0.6 | reviewed WV's reply in support of MTD | |
| 3/14/14 | 0.2 | reviewed | Ds' replies to Ps' Opp to Ds' MSJ |
| 4/15/14 | 0.1 | reviewed | 5th Notice of Supp Auth |

**United States District Court**
**Southern District of West Virginia (Huntington)**
**CASE #: 3:13-cv-24068, MCGEE ET AL V. COLE ET AL**
**KAREN L. LOEWY**

| Date | time | task | pleading |
|---|---|---|---|
| 6/10/14 | 0.1 | reviewed | Order Staying decision |
| 7/29/14 | 0.9 | reviewed WV's motion to stay (.2); corresponded with co-counsel re: response (.2); reviewed draft cross motion to lift stay (.5) | |
| 7/30/14 | 0.6 | reviewed/revised opp/cross-motion to lift stay (.4); reviewed D's reply (.2) | opp to motion to stay/cross-motion to lift stay; WV's reply to opp to motion to stay |
| 10/6/14 | 0.4 | reviewed/revised | Am Motion to Lift Stay/Enter Judgment |
| 10/7/14 | 0.2 | reviewed | Order lifting Stay |
| 10/20/14 | 0.5 | reviewed | WV's Opp to amended M to Lift Stay/Enter Judgment; McCormick Opp |
| 10/21/14 | 0.2 | reviewed | Cole Opp to amended M to Lift Stay/Enter Judgment |
| 10/23/14 | 2 | reviewed/revised | Reply in support of entry of judgment |
| 11/7/14 | 0.8 | reviewed | Order |
| TOTAL | 118.1 | $            38,382.50 | |

Page 4 of 4